ANDREW ALLISON, Executor, *vs.* THOMAS H. ARMSTRONG and others.

September 29, 1881.

**Mortgagor cannot Acquire Tax Title against Mortgagee.**—A mortgagor cannot, as against the mortgagee, acquire a title to the mortgaged premises founded or built up upon a default in the condition of the mortgage. Hence, where a mortgage, executed to secure the payment of a debt, contained conditions that if the mortgagor should pay the mortgage debt, " and also pay all taxes which may be hereafter assessed on said premises, then this deed to be void," so long as the mortgage debt remains unpaid the mortgagor cannot, as against the mortgagee, acquire a tax title to the mortgaged premises by a purchase thereof at a sale for taxes assessed subsequently to the execution of the mortgage, although the mortgage contained no express personal covenant to pay the taxes, and although, prior to the assessment of such taxes, the mortgagor had sold the mortgaged premises, and surrendered possession thereof to a third party. A purchase of the mortgaged premises by the mortgagor at tax sale would, under such circumstances, as against the holder of the mortgage, operate merely as a payment of the taxes.

Action commenced in the district court for Mower county to foreclose a mortgage made by defendant Armstrong. Defendant Eva E. Marston pleaded title in herself under a conveyance from Armstrong, made under a tax title acquired by him subsequent to the making of the mortgage, and subsequent to a sale of the mortgaged premises by Armstrong to third parties.

The case was tried by *Page*, J., without a jury, and plaintiff appeals from a judgment, adjudging the mortgage to be no lien, and that the title to the property is in defendant Marston.

*A. G. Wedge*, for appellant.

*C. K. Davis*, for respondents.

MITCHELL, J. The facts of this case, so far as here material, are as follows: On the 30th of September, 1867, defendant Armstrong, being indebted to the plaintiff's testator in the sum of $500, executed to him a mortgage, to secure payment thereof, upon the premises described in the complaint, conditioned "that if the said Thomas H.

Armstrong, his heirs, executors or administrators, shall well and truly pay, or cause to be paid, to the said party of the second part, his heirs, executors or assigns, the sum of $500, with interest, * * * and also pay all taxes which may be hereafter assessed on said premises, then this deed to be void." But if default should be made in the payment of said sum of money or the interest or the taxes, then the mortgagee was authorized to sell the mortgaged premises, etc. The mortgage contained no express personal covenants to pay the debt secured, or the taxes. On the 22nd of January, 1870, defendant Armstrong executed a contract of sale of the mortgaged premises to defendant J. D. Farnham, under which the latter immediately went into possession and has ever since remained in possession, and by which he agreed to pay all taxes that might thereafter be assessed on the premises. On the 3rd of December, 1873, in pursuance and performance of this contract, Armstrong conveyed the premises to defendant Philinda K. Farnham, wife of J. D. Farnham, the conveyance being made to her with the consent of her husband. In the conveyance Armstrong covenanted that said premises were clear, free, and unencumbered by any act of his except the mortgage above described, which he agreed to pay. Armstrong took back from Farnham and wife a mortgage on the premises for purchase-money, which is still unpaid and not discharged. All these conveyances were duly recorded. Farnham and wife failed to pay the taxes for the years 1873 and 1874, and tax judgments were rendered therefor against the premises, and the same were sold thereon at tax sales, in the years 1874 and 1875, respectively, at which sales, and each of them, Armstrong bid in the premises, and obtained certificates of sale, under which (the land not having been redeemed) he obtained tax title. Armstrong subsequently conveyed to defendant Marston.

Armstrong having failed to pay the debt secured by the mortgage, plaintiff brings this action to foreclose the mortgage, making Marston a party, and praying that the tax titles obtained by Armstrong, under whom she claims, be adjudged in fraud of plaintiff's rights, and that the purchase of the premises at such tax sales be adjudged to operate merely as a payment of the taxes. Inasmuch as plaintiff's mortgage was of record, defendant Marston is chargeable with notice of it, and

of all rights under it, and hence stands in no better position than her grantor Armstrong would have done; hence the question to be determined is whether, under this state of facts, Armstrong could acquire a tax title so as to defeat the lien of the mortgage which he had previously given to Van Buren, plaintiff's testator.

On behalf of defendant, it is insisted that inasmuch as the mortgage contained no express personal covenants on the part of Armstrong to pay the taxes, and inasmuch as he was neither the owner nor in possession of the premises at the time these taxes were assessed, therefore he was under no obligation to pay them, and hence he was under no disability which prevented his acquiring a tax title, even as against his mortgagee. The text-books frequently lay down, without limitation or qualification, the general proposition that a mortgagor cannot acquire a tax title so as to defeat the title of the mortgagee. We are not prepared to say that so broad and unqualified a proposition is an accurate statement of the law; neither are we called on to decide it in this case. It is undoubtedly true that in most of the cases cited to sustain this proposition the turning point was the obligation of the party setting up the tax title to pay the taxes. The principle underlying all such cases is that a party cannot build up a tax title upon his own neglect of duty. A person will be precluded from making and relying upon a purchase of land for taxes whenever something exists in the facts of the case which imposes upon him the duty to pay the tax, or something which renders it inequitable, as between himself and the holder of the existing title, that he should make the purchase. *Blackwood* v. *Van Vleit*, 30 Mich. 118. From the principles established by the adjudicated cases, we think it follows that a mortgagor cannot, as against the mortgagee, build up a tax title upoh a default in the conditions of the mortgage. A mortgage has been defined as a conveyance of land as security for the payment of money or the performance of some other act, and to be void upon such payment or performance. 1 Hilliard on Real Prop. 540. Nothing but performance of the condition or an express release will operate to discharge the lien of the mortgage. 1 Hilliard on Real Prop. 611. Nothing but payment of the debt and taxes will discharge the mortgage. This position is grounded on the words of the condition of the mortgage

itself, which are, if these be paid, the mortgage shall be void. The very terms of the contract itself are that it shall be void only on fulfilment of the condition. 1 Jones on Mortgages, § 69; 2 Hilliard on Mortgages, 476–7; *Davis* v. *Maynard,* 9 Mass. 242.

In the case at bar the condition of the mortgage is that if the mortgagor shall pay the debt, "and also pay all taxes which may be hereafter assessed on said premises, then this deed to be void." It is immaterial that this latter part of the condition, in reference to the payment of taxes, is merely in aid of the principal debt secured by the mortgage. So long as that debt is unpaid, this latter part of the condition is as operative and vital a part of the terms of the contract as that making the conveyance conditional upon payment of the mortgage debt. 1 Jones on Mortgages, § 77. So long as the mortgage debt is unpaid, the mortgagor can no more acquire title, so as to defeat the mortgage lien founded upon his default in that part of the condition, than upon a default in any other part of it. Suppose that, in the condition of this mortgage, in place of this proviso regarding the payment of taxes, there had been inserted the following: "And also pay a certain prior mortgage on said premises, executed by a former owner of the premises,"—for the payment of which, however, defendant Armstrong was not personally liable to the holder thereof ; and suppose, default having been made in the payment of such prior mortgage, it should be foreclosed, and the premises sold, and at such sale defendant Armstrong had become the purchaser,—would he be permitted thus to acquire title so as to defeat the lien of his own mortgage? We apprehend not. A court would hold that, as against his mortgagee, such purchase operated simply as a payment of the prior mortgage.

We think the case supposed analogous to the case under consideration. The condition in the former case, in reference to payment of the prior mortgage, like that in the latter regarding the payment of taxes, was merely in aid of the security for the debt secured by the mortgage. Both referred to paramount liens—one by virtue of its priority in time, the other by virtue of the paramount rights of the state. In neither case would the mortgagor be permitted to acquire title so as to defeat the lien of the mortgage, because to allow him to do so would

be to allow him to build up title upon a default in the conditions of his own mortgage; or, in other words, to allow him to discharge the lien of the mortgage without performance of its conditions. We think this cannot be done. We are, therefore, of opinion that, under the terms and conditions of this mortgage, Armstrong could not acquire a tax title to the mortgaged premises as against plaintiff's mortgage, and that his purchase of the premises at tax sale operated, as to plaintiff, merely as a payment of the taxes.

The judgment of the court below is reversed, and the cause remanded with instructions to enter judgment or decree in favor of plaintiff, in accordance with this opinion.