JOHN S. MACEWEN *vs.* HENRY B. BEARD *et al.*

Argued June 20, 1894.    Affirmed July 13, 1894.

No. 8783.

**Tax title when subject to prior liens.**

Where a mortgagor is disabled to defeat the mortgage by acquiring a tax title, his grantee will stand in no better position.

Appeal by plaintiff, John S. MacEwen, from a judgment of the District Court of Hennepin County, *Robert D. Russell,* J., entered January 31, 1894, foreclosing a mortgage held by the Security Bank, one of the defendants.

On September 13, 1884, defendant Henry B. Beard and wife mortgaged to Louis F. Menage one hundred and seven lots in the Second Subdivision of Remington Park in Minneapolis, to secure the payment of $32,000. Each lot was charged with $300 and on payment

of that sum and interest thereon the grantee of any one of the lots was entitled to its discharge. Menage on the same day sold and assigned the mortgage to the Security Bank of Minnesota. On March 11, 1885, Beard and wife conveyed with warranty four of the lots to plaintiff and covenanted to pay off the mortgage on or before July 1, then next. But Beard failed to pay. Taxes were levied on the four lots for the year 1888 and remained unpaid, a tax judgment was obtained and the lots were sold under it on March 21, 1890, and bid in by the State. Thereafter the rights and interest of the State as such purchaser were assigned to the plaintiff. Notice of the expiration of the time of redemption from the sale was issued and served and the time of redemption expired. Plaintiff then commenced this action against Beard and wife, Menage and the Security Bank to obtain judgment that his title to the four lots was free and unincumbered by the mortgage. Besides relying on his tax title he claimed that the mortgage was paid in fact by certain transactions between Menage, Beard and the Bank. The trial court found against this claim on the facts. As conclusion of law the court held that plaintiff's purchase of the tax certificate from the state was a payment of the taxes as against the Bank, and on the answer and prayer of the Bank directed judgment for foreclosure of the mortgage and sale of the four lots to pay the $1,200 and interest due thereon. Judgment was entered accordingly and plaintiff appeals.

*S. M. Finch*, for appellant.

*Charles J. Bartleson*, for respondents.

GILFILLAN, C. J. This is an action to cancel a mortgage on real estate, executed in 1884 by the defendant Beard to the defendant Menage, and by him assigned to the defendant the Security Bank. The mortgage contained a covenant on the part of the mortgagor to pay all taxes that might be imposed on the real estate. After the execution of the mortgage, Beard and wife, in 1885, conveyed the real estate to plaintiff.

The ground on which plaintiff claims to have the mortgage canceled is that it was satisfied, either by direct payment or by acceptance in payment of certain notes; and in reply to the answer of the bank, praying for a foreclosure of the mortgage, he sets up a

tax title in himself under a judgment and sale for taxes imposed for the year 1888.

As to satisfaction of the mortgage, there were only questions of fact which the court below found against the defendant, and its findings were justified by the evidence.

The statute (1878 G. S. ch. 11, § 87) does not permit the owner of real estate sold for taxes to thereby acquire such an estate as shall defeat any right, title, interest, lien, or incumbrance which he is legally or equitably bound to protect against such sale, or the taxes for which it is made. As to such, his acquiring a tax title operates only as payment of the taxes.

In *Allison* v. *Armstrong*, 28 Minn. 276, (9 N. W. 806,) it was held that a mortgagor in a mortgage containing a condition—not an express covenant—that he should pay taxes, could not acquire title to defeat the mortgage at a sale for taxes covered by the condition.

In this case, Beard, the mortgagor, was disabled to acquire a tax title that would defeat the mortgage. He could not put his grantee in any better position than he occupied himself. With respect to the mortgage as a lien on the property, the grantee stood in just the position that the grantor had occupied.

Plaintiff's tax title did not, therefore, affect the mortgage.

Judgment affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 942.)