TIMOTHY DONAHUE v. LIVINGSTON QUACKENBUSH.[1]

July 31, 1895.

Nos. 9475—(183).

Purchase by Receiver—Suit to Enforce Trust — Statute of Limitations.

A receiver, appointed after judgment in an action for a divorce, took possession of all of the property of the defendant therein, with power to control the same, receive the rents and profits thereof, and apply them in payment of alimony, and purchased in his own name land so in his

[1] Reported in 64 N. W. 141.

possession as receiver at an execution sale thereof. *Held* that, whatever title he acquired by such sale he held in trust for such defendant, and that the statute did not commence to run against an action to enforce the trust until he repudiated it by conveying the land as his own.

Appeal by plaintiff from an order of the district court for Le Sueur county, Severance, J., sustaining a demurrer to the complaint. Reversed.

*Pfau & Young* and *Charles C. Kolars*, for appellant.
*H. J. Peck*, for respondent.

START, C. J. This is an appeal from an order of the district court of the county of Le Sueur sustaining a demurrer to the complaint. The material allegations of the complaint may be summarized as follows:

On April 30, 1886, the plaintiff was the owner in fee of the land described in the complaint, and on that day judgment was rendered against him, at the suit of his wife, in an action by her for a limited divorce, granting the divorce and directing that he pay her as alimony, in monthly instalments, $300 a year, the payment whereof was made a specific lien on his land. The plaintiff defaulted in the payment of the alimony, and thereupon such further proceedings were had in the action for divorce that August R. Doescher was by the court appointed receiver of all the personal and real property of the plaintiff, including the land here in controversy, and directed to enter upon and take possession of the same, and to sequester and receive into his hands all the rents and profits of all the lands and goods of the plaintiff, for the purpose of paying such alimony. The receiver accepted the trust, and took possession of the whole of plaintiff's property. At this time, and during all the times hereinafter stated, the plaintiff, by reason of mental weakness, was unable to earn any money to pay such alimony or to support himself, and after his property was so taken from him, and its possession and control vested in the receiver, he had neither the capacity nor the means to protect his property, all which was at all times known to the receiver and the defendant. The receiver, August R. Doescher, the defendant, and the plaintiff's wife, wrongfully intending to take advantage of the plaintiff's condition and deprive him of his property, conspired and agreed between themselves to take and use the

means hereinafter stated to acquire the plaintiff's property and did carry out such agreement as follows: The defendant, in pursuance of such conspiracy, secured an assignment to himself of a judgment against the plaintiff, recovered October 5, 1886, in favor of one Harvey, for $235.20, which was a lien on the plaintiff's land, and caused the same, except the portion thereof set apart as plaintiff's homestead, to be sold, for the sum of $302.20, on execution issued on such judgment on July 11, 1887, to August R. Doescher, who was then such receiver, and in possession of all of the plaintiff's property, including such land, under the order of the court appointing him. In furtherance of such conspiracy, Doescher and his wife, on February 10, 1890, conveyed the land so purchased by him to the defendant by quitclaim deed for the consideration, expressed therein, of $350. The land was, in fact, then of the value of $4,000. This action was commenced in February, 1894, and the complaint prays for both special and general relief.

1. The defendant claims that it appears from the face of the complaint that the plaintiff's alleged cause of action is barred. If the statute commenced to run at the date of the receiver's purchase of the premises, the action is barred, unless it is construed as one to redeem; but, if it did not commence to run until the receiver conveyed them to the defendant, it is not barred. Doescher, as receiver, while not strictly a trustee of the land purchased by him at the execution sale, because the legal title thereto was not vested in him as receiver, yet occupied a fiduciary relation to it, and was bound to act in perfect good faith, and the equitable doctrine of trusts was applicable to him. The duties, obligations, and disabilities of a trustee were imposed upon him by his appointment as receiver and the taking possession of all of the plaintiff's property as such. Pom. Eq. Jur. §§ 157, 1366. As such quasi trustee he was bound to protect the trust property in every reasonable manner. He was not bound to advance his own money to discharge the lien of the judgment, but, having voluntarily purchased the property at the execution sale, he could not profit by it, and whatever title he acquired to the land by the sale to him he held in trust for the plaintiff, subject to the purposes for which the receiver was appointed and his equitable claim to be reimbursed for the amount, including interest, advanced by him to protect the property by pur-

chasing it at such sale. Id. §§ 1051, 1066. The statute would not commence to run against an action to enforce the trust upon which Doescher held the land purchased at the execution sale until he repudiated it. He did not repudiate the trust until he conveyed in his own right the premises to the defendant, February 10, 1890. Therefore it does not appear upon the face of the complaint that the action is barred.

2. The defendant, however, claims that, the question of the statute of limitations aside, the complaint does not state a cause of action. Conceding, without so deciding, that the sale of the land on execution was not void, because it did not in fact disturb the possession of it by the court through its receiver, still the fact remains that Doescher held the title acquired by the sale in trust, and at most he had no further personal interest in the land than a lien upon it to secure the amount advanced on the sale. The allegations of the complaint negative any claim that the defendant is a bona fide purchaser, and if they are true he acquired by his deed simply the personal rights and equities of Doescher in the premises. Accepting the most favorable construction of the complaint for the defendant, it states a cause of action.

Order reversed.