## TIMOTHY DONAHUE v. LIVINGSTON QUACKENBUSH.

December 20, 1898.

Nos. 11,406—(157).

**Limited Divorce—Receiver—Sale Below Value to Surety on His Bond.**

The plaintiff's wife secured a limited divorce from him, and obtained judgment for permanent alimony, which he neglected to pay, whereupon the court appointed D. as receiver of all the plaintiff's personal property and ordered him to take, collect, recover and sequester all the rents, issues and profits of plaintiff's land, and dispose of all of his personal estate, which he did. A judgment existed against plaintiff, which, with a certain mortgage, was a lien on his land. The defendant, Q., purchased the judgment, and caused execution thereon to be issued; and by virtue thereof the land was sold to D., the receiver, and the latter then sold the land to Q. for a sum far below its actual value. *Held*, that D. had no lawful authority to so dispose of said land while acting in such fiduciary capacity as receiver.

**Same—Knowledge of Purchaser—Good Faith—Trust.**

The grantee, Q., was one of the sureties on the bond of D. as receiver, and knew all the facts of the entire transaction. *Held*, that he stood in the place of D., and that he was not a purchaser of the land in good faith, and that it was still affected with the trust for the benefit of the plaintiff.

Action in the district court for Le Sueur county. The cause was tried before Quinn, J., who ordered judgment for defendant. From the judgment entered in accordance therewith, plaintiff appealed. Reversed.

*Pfau & Pfau* and *Charles C. Kolars*, for appellant.

*H. J. Peck* and *Thomas Hessian*, for respondent.

BUCK, J.

On April 30, 1886, plaintiff owned 178 acres of land in Le Sueur county, 80 acres of which was his homestead. On April 30, 1886, his wife, Dorothea Donahue, obtained a judgment of limited divorce against him, whereby they were separated from bed and board; and plaintiff was ordered to pay said wife the sum of $300 per annum alimony, to be computed from April 21, 1886, and to be paid in monthly instalments at the end of each month,—the plaintiff to have the use of the house and lots in the village of Ottawa, in said county. He was also ordered to pay plaintiff unpaid temporary alimony amounting to $42, and $4.24 costs, all of which several sums were made a specific lien upon all of the said 178 acres.

Donahue did not pay said several sums, and one August R. Doescher was appointed receiver of the property of said Donahue, and ordered to immediately sequester Donahue's said real estate, and enter thereon, and take, collect, recover and sequester all the rents, issues and profits of said lands, and all his goods, chattels, and personal estate, whatsoever, and to rent said land, and collect the rent thereof, and to sell and dispose of the personal estate of said Donahue, and pay the same in the manner in said order directed. The order further provided that Doescher, before entering upon the discharge of his duties, should execute a bond such as is usually required in a case of that kind. This was done, and one of the sureties upon said bond was the defendant, Livingston Quackenbush.

On October 5, 1886, one Harvey obtained a judgment against Donahue for $234.20, which was duly docketed in the office of the clerk of the district court of Le Sueur county, which judgment Harvey assigned to this defendant for value; and, by virtue of an execution caused to be issued thereon by defendant, the sheriff of Le Sueur county levied upon and sold said land of Donahue, save his

homestead of 80 acres. At said execution sale made July 11, 1887, the said receiver, August R. Doescher, purchased the same in his own name for the sum of $302.22, and received the sheriff's certificate of such sale.

Subsequently, and on February 10, 1890, Doescher and his wife sold the said land, by quitclaim deed, to this defendant, Livingston Quackenbush; the consideration stated in said deed being $350. This was the amount paid to Doescher by the defendant, but the latter at the same time paid a mortgage on said premises, and paid Mrs. Donahue for a quitclaim deed of said premises a certain sum of money, which in all amounted to $1,500, and which constituted the consideration for the property so purchased by him, and which the court found was then of the value of $2,500. Defendant testified that he thought the premises then worth $2,000. On February 12, 1886, Donahue and his wife executed to one Roach a mortgage upon the premises here in controversy for $130, for the purpose of obtaining money with which to pay temporary alimony pursuant to an order of the court previously made in said cause, which mortgage the trial court found remained a lien upon said premises at the time of said execution sale to Doescher.

The principal question in this case is, was defendant, Quackenbush, a purchaser in good faith of said premises? Upon this question the trial court found in the affirmative.

This case was once before in this court (62 Minn. 132, 64 N. W. 141), and it was there said, at page 134,

"Doescher, as receiver, while not strictly a trustee of the land purchased by him at execution sale, because the legal title thereto was not vested in him as receiver, yet occupied a fiduciary relation to it, and was bound to act in perfect good faith, and the equitable doctrine of trusts was applicable to him. The duties, obligations and disabilities of a trustee were imposed upon him by his appointment as receiver and the taking possession of all of the plaintiff's property as such. Pomeroy, Eq. Jur. §§ 157, 1366. As such quasi trustee he was bound to protect the trust property in every reasonable manner. He was not bound to advance his own money to discharge the lien of the judgment, but, having voluntarily purchased the property at the execution sale, he could not profit by it, and whatever title he acquired to the land by the sale to him he held in trust for the plaintiff, subject to the purposes for which the receiver was appointed and his equitable claim to be reimbursed for the

amount, including interest, advanced by him to protect the property by purchasing it at such sale."

Even if Doescher purchased the premises in good faith, to save them from being sacrificed, because he could not find other purchasers or parties who would pay off the liens on the premises, still it was his duty to have retained the property as such receiver, and accounted for it to the court, or, if sold under the direction of the court, to have accounted for the proceeds received, and not to profit by such sale. But this he did not do. It does not appear that he ever made any account of this proceeding, or any other business which he carried on or participated in as receiver, but, instead of doing so, he sold the property, and in 1891 removed to another state, beyond the jurisdiction of the court appointing him receiver, and so remains.

So far, he has been guilty of a gross breach of trust, and his evidence corroborates his acts in this respect. He testified that he sold the premises to defendant, and indirectly received $1,500 therefor, viz. the defendant to return Doescher's note, pay the Roach mortgage, and what was left of the $1,500 to be paid to Mrs. Donahue, which was done. He also testified that, if he could have sold the premises for more than $1,500, he should have kept the surplus himself. This, as receiver, he would have had no legal right to do; and his acts and his own evidence show that he was not acting legally or in good faith, especially when he sold to Quackenbush, but that one of his objects in doing so was for the purpose of benefiting himself out of Donahue's property.

Nor had he any authority to make a bargain with defendant that, on the sale of Donahue's property, a large portion of the proceeds should be paid to Donahue's wife. The court had before that time fixed by its own order the amount of alimony to which she was entitled out of Donahue's property, and it is not claimed that this was any part of the amount so fixed by the order of the court. It was an arbitrary amount agreed upon by Doescher and Quackenbush. As he could not as receiver make profit out of the sale to himself of Donahue's property, it follows that he could not confer any such right upon Quackenbush; and hence the latter stands in the shoes

of Doescher, unless he is an innocent purchaser, as he testified on the trial.

But this testimony must be viewed and determined in the light of all the facts and attending circumstances of the case.. As one of the sureties on Doescher's bond as receiver of the property of Donahue, he must be deemed to have had notice of the contents of the bond, which, of course, stated the receiver's duties and obligations. The rule is that, where the notice by which a party is sought to be affected is traced through an instrument executed by himself, it matters not whether such instrument constituted a necessary link in his chain of title; he will be conclusively presumed to have full knowledge of its contents, except where his signature has been obtained by fraud and deceit. Wade, Notice, § 43.

Knowing the contents of the bond, Quackenbush knew the duty and obligations of Doescher as such receiver. One of these duties was to protect such trust property by all fair and reasonable means. It is true that he may have bought the property at execution sale with a view to reimburse himself for his outlay on the Harvey judgment, but his own testimony shows that he also bought it for the benefit of the Donahue estate. This property was then worth $2,500, and, even if it were true that the purchase price of $1,500 was appropriated to a legitimate purpose, it sold for $1,000 less than its actual value.

If the payment to Mrs. Donahue was unauthorized so far as the receiver and Quackenbush were concerned, then the property was sold for about one-fifth of its actual value; and, even if it had brought more than $1,500, Doescher intended to appropriate the surplus to his own use and benefit. In any event, as the sale stood, the plaintiff must lose $1,000 of his estate, if it and the judgment herein are upheld; and this, too, through the act of the receiver, whose duty it was, in his fiduciary capacity, to save the estate, so far as possible, for Donahue. Investing his own money to protect the estate did not permit him to sacrifice it, or profit by his own acts, to the detriment of the estate of which he was the trustee.

Quackenbush had notice of all the facts which constituted Doescher a trustee for himself. He testified voluntarily that at the time he purchased the premises he took steps for the purpose of

ascertaining the validity of the title. If he did this, it is self-evident that all matters connected with the records and proceedings were examined by him, and that he had full notice thereof. But, knowing all the proceedings and contents of the records, if he relied upon them and acted accordingly, he did so at his own peril. His belief, or reliance on the advice of others, that he could safely purchase, did not authorize him to do so, if the law, as applied to the facts, forbade it. Ignorance or mistake of the law applicable to these facts would not render him a purchaser without notice of the trust. He purchased through a receiver, who, under the circumstances, had no lawful right to sell the estate of his cestui que trust, and especially for a sum far less than its real value. He knew that a large part of the purchase money was to be paid, not to the receiver for the benefit of the estate, but to Mrs. Donahue for her own benefit; and hence he must be held to have joined with the receiver in diverting the proceeds of the sale from going to the benefit of Donahue after paying the just and lawful claims on the property, but now seeks to retain a large interest in the property over and above what he paid as the purchase price of the land.

Under all the facts in the case, we are of the opinion that it was reversible error for the trial court to hold that the defendant was a purchaser of the property in good faith.

Upon the oral argument, plaintiff's counsel conceded that the defendant was entitled to reimbursement for such sums as he had properly paid out at the time of the sale and purchase of the property, such as the amount of the judgment, and the Roach mortgage, which payment operated for the benefit of the plaintiff. The evidence shows that defendant had also paid out various sums for taxes, and during several years had received the rents of the land. The receiver, Doescher, never having made a final accounting of his acts as receiver, is subject to be called upon to do so; and the defendant, Quackenbush, in a proper proceeding, is entitled to have his account adjusted.

The judgment appealed from is reversed, and a new trial granted.