RUPERT G. FLEMING and Others v. E. A. McCUTCHEON.[1]

January 3, 1902.

Nos. 12,728—(132).

**Foreclosure of Decedent's Mortgage by Administrator of His Estate.**

The defendant herein was the owner of a real-estate mortgage, and upon the death of his mortgagor he was appointed administrator of his estate. He did not take possession of the mortgaged premises of which his intestate died seised, nor take any steps to sell them for the payment of the debts allowed against his estate. He foreclosed his mortgage while he was acting as administrator, and at the sale fairly and in good faith purchased the premises for the full amount due on the mortgage, with the costs of foreclosure. *Held*, in view of the special facts of this case, that he had a legal and equitable right to so foreclose his mortgage and become a purchaser in his own right at the sale.

Action in the district court for Chisago county by plaintiffs as heirs of E. T. Fleming, deceased, for an accounting by defendant of the profits realized by him on the foreclosure of a mortgage upon land of which decedent died seised. The case was tried before Crosby, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*Francis B. Hart*, for appellants.

*P. H. Stolberg*, for respondent.

START, C. J.

This is an equitable action to charge the defendant as trustee for the plaintiffs, for the amount realized by him from the sale of lands of which their intestate died seised in excess of his mortgage thereon. The trial court made its findings of fact, and as a conclusion of law therefrom ordered judgment for the defendant, and the plaintiffs appealed from the order denying their motion for a new trial.

The facts of this case, as found by the court, briefly stated, are these: In the year 1882, E. T. Fleming, then a resident of the county of Chisago, this state, died intestate, leaving an estate

[1] Reported in 88 N. W. 433.

therein of both real and personal property. In that year the de-fendant was by the probate court duly appointed administrator of his estate. The defendant duly qualified as such administrator, and proceeded to and did administer such estate. Debts against the estate were filed and allowed in the aggregate sum of $1,147.05, and after paying preferred claims there remained $880.46, which, by order of the probate court, was paid pro rata upon such debts. The land described in the complaint was a part of the estate of the deceased, and was appraised at $1,280, subject to the mortgage hereinafter mentioned. The intestate, on October 16, 1880, bor-rowed of the defendant the sum of $780, for the payment of which he gave three promissory notes,—one for $180, due in one year, one for $300, due in two years, and one for $300, due in three years thereafter, with interest at ten per cent. per annum, payable an-nually,—to secure which he executed a mortgage containing the usual power of sale to the defendant upon such land, which was duly recorded November 1, 1880. The first note was paid at ma-turity, with the annual interest on the other two.

The defendant did not file his claim against the estate for the amount due on his mortgage, but he proceeded to foreclose his mortgage by advertisement, and such proceedings were had that the mortgaged premises were sold to him on such foreclosure March 17, 1883, for the sum of $770, being the amount then due upon the mortgage, with attorney's fees and costs of foreclosure. No redemption was made from the foreclosure sale, and on July 25, 1894, and after the period of redemption had expired, he sold and conveyed the land to Joseph Bolduc for the sum of $1,250. The value of the lands at the time of the foreclosure sale thereof and at the time of the expiration of redemption was $1,000. At the time of the making of the foreclosure sale and the sale to Joseph Bolduc the defendant was the administrator of the estate. The plaintiffs were nonresidents of this state, and are the sole surviving heirs at law of the deceased, but they did not learn of his death until August, 1900, and prior to that date they had no knowledge concerning his estate, or the management thereof by the defendant. The defendant, as administrator of the estate, re-ceived rent for the land for the year 1882, and paid taxes thereon

for one year, but he did not take any steps to sell the land at administrator's sale.

The plaintiffs assign as error the rulings of the trial court in refusing to find, as requested, that the defendant took possession of the real estate of his intestate, and in refusing to set aside its finding as to the value of the land. The evidence on these points was far from conclusive in plaintiffs' favor, and the rulings were correct.

This brings us to the real question in this case: Do the facts, as found by the trial court, sustain its conclusions of law? The plaintiffs claim that the question must be answered in the negative, for the reason that the defendant, as administrator, was trustee of the land, upon which he held a mortgage in his own right for the plaintiffs, as heirs at law of his estate, and therefore he could not purchase at his mortgage foreclosure sale, and acquire title to the land in his individual right. In support of this contention they invoke the general rule that one occupying a fiduciary relation in respect to property the subject of a sale is disabled from purchasing it for his own benefit, and, if he attempts so to do, he will be charged as a trustee for the benefit of the cestui que trust, without reference to his good or bad faith in the premises. King v. Remington, 36 Minn. 15, 29 N. W. 352; Donahue v. Quackenbush, 62 Minn. 132, 64 N. W. 141; Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655. The reason for the rule is to remove all temptation from a trustee to place himself in a position where duty would conflict with self-interest.

The question here, however, is whether the special facts of this case bring it within this general rule, for, if they show that the reason upon which the rule rests is wanting, the rule does not apply. Counsel for the plaintiffs, in support of his claim that the defendant was a trustee of the land for them within the meaning of this rule, relies upon the following cases: Lewis v. Welch, 47 Minn. 193, 48 N. W. 608, 49 N. W. 665; Marshall v. Carson, 38 N. J. Eq. 250; Allen v. Gillette, 127 U. S. 589, 595, 8 Sup. Ct. 1331. None of them, however, support the claim. In the first one cited the defendant, as administrator, foreclosed a real-estate mortgage, which he treated as the property of the estate which he repre-

sented, and purchased the land at the sale for his individual bene-
fit. There was no redemption from the sale. It was ruled that he
held the title to the land in trust for the heirs of the intestate;
that is, in the case cited, the defendant, as administrator, fore-
closed a mortgage which belonged to the estate, and was a part of
the trust property in his hands. The second case cited was one
where the defendants were, as executors, charged by the will of
their testator with the duty of selling sufficient of his real estate
to pay debts. · They failed so to do, but permitted a part of the
land to be sold on execution issued upon a judgment against their
testator, and at the sale they purchased the land for their own
benefit, and they were rightly held chargeable as trustees of the
land for the beneficiaries under the will. The last case relied upon
was one where the defendant, as executor, was given, by the terms
of the will, control of the testator's real estate during the settle-
ment of his estate. The plaintiff, one of the residuary legatees,
gave a deed of trust of all of her interest in the real estate to a
third party to secure a loan. The executor became a purchaser in
his own name of the land at the foreclosure sale. The legatee
brought the action to charge the executor as trustee of the land for
her benefit, but it was held that he had a right to so purchase and
hold the land for his own benefit.

The facts in the first two cases cited are so different from the
facts in the case at bar that it is manifest, without argument, that
they do not support the plaintiffs' claim, while the last case cited
is an authority against the claim. It is true that the general rule
as to trustees applies to an executor or administrator so far as to
disable him from deriving a personal benefit from the manner in
which he manages property intrusted to him which belongs to the
estate he represents. It follows, then, that if the defendant in
this case held the land of his intestate in trust for the plaintiffs as
heirs, and that, taking advantage of the relation, he so managed
it as to personally profit thereby, he must account to the plain-
tiffs, unless they have lost their rights by their laches. On the
other hand, if he did nothing which could affect their legal rights
while enforcing his own in good faith, they have no claim upon
him.

This brings us to the question of the relation of an administrator to the land of his intestate and his heirs. The title to real estate vests in the heir on the death of his ancestor, subject only to the right of the administrator to take possession of it, and sell it, if necessary, for the payment of the debts of the intestate. Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197; Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451. If, therefore, an administrator omits for any reason to take possession of the real estate of his intestate, and sell it for the purpose of paying claims against the estate, the heirs have no cause to complain, for it in no manner injuriously affects their interests in the real estate; for, if not sold to pay debts, it is to their advantage. Whatever cause creditors may have in such a case for complaint, or right to require the administrator to take the necessary steps to subject the land to the payment of their claims, is no concern of the heirs. In such a case the administrator may purchase in his own right the interest of any of the heirs therein at a sale thereof on execution or otherwise, for in so doing duty and self-interest would not conflict. Barker v. Barker, 14 Wis. 142; Johns v. Norris, 22 N. J. Eq. 102; Allen v. Gillette, supra.

Now, in the case at bar, the defendant violated no duty which he owed to the plaintiffs by foreclosing his mortgage, which was a lien on the land before their ancestor died, and which he had a legal right to enforce. There is neither a finding by the court nor claim of counsel that the defendant, in foreclosing his mortgage, acted unfairly, or otherwise than in good faith. He owed no duty to the plaintiffs, as heirs, to refrain from foreclosing his mortgage, or from purchasing at the sale, as the statute expressly authorized him to do, provided he acted fairly and in good faith. G. S. 1878, c. 81, § 10. Again, his interest in the mortgaged premises after the sale was practically the same as before, except that it made it necessary for the owners thereof to redeem within one year, or his title under his mortgage would become absolute. Donnelly v. Simonton, 7 Minn. 110 (167); Horton v. Maffitt, 14 Minn. 216 (289); Carlson v. Presbyterian Board, 67 Minn. 436, 439, 70 N. W. 3.

But the plaintiffs further claim that it was the duty of the de-

fendant, as administrator, to pay the mortgage, and that he should have sold the land for that purpose, if necessary. He had no right to take money in his hands, which belonged to the general creditors, to pay his mortgage, nor any right to sell the land to pay it, for the statute then in force expressly provided that any sale of the real estate of an intestate by his administrator should be subject to any mortgage thereon existing at the time of the death of the intestate. G. S. 1878, c. 57, § 18. Creditors did not ask to have the land sold to pay the balance of their debts, and there is no equity in this claim of the plaintiffs, asserted for the first time after the lapse of eighteen years.

Upon the special facts of this case we hold that the defendant had both the legal and equitable right to foreclose his mortgage, and purchase the premises at the foreclosure sale, and that the trial court rightly directed judgment in his favor.

Order affirmed.

BROWN, J. (dissenting).

In 1882, E. T. Fleming, a resident of Chisago county, died intestate, leaving an estate of both real and personal property. Defendant was duly appointed administrator of his estate, duly qualified, took possession of the property, and entered upon the discharge of the duties of his office. The real estate in question was a part of that estate. Prior to his death Fleming had mortgaged the same to defendant, and at the time of his death there was due and unpaid thereon the sum of about $700. Defendant did not file his claim against the estate, but relied upon the mortgage against the land for its payment. After qualifying as administrator, he took possession and control of the land, receiving the rents and profits therefrom, accounting for the same to the court. Subsequent to his appointment and qualification as administrator, defendant foreclosed his mortgage by advertisement, and became the purchaser of the property at the sale, bidding therefor the sum of $770, which was the amount due on his mortgage, with the costs and expenses of foreclosure. The land was worth, at the time of the foreclosure, the sum of $1,000. After the expiration of the period of redemption, defendant sold the same for the sum of

$1,250, thereby realizing a profit of about $450. This action was brought by the heirs at law of Fleming to compel defendant to account for this profit.

It is true that upon the death of the owner the title to real estate passes immediately to the heirs at law, subject, however, to the right of the administrator to take possession thereof, and to hold and maintain the same pending the administration of the estate, and subject, also, to the payment of debts and expenses of administration where the personal property is insufficient for that purpose. It may be true, also, that the right of the administrator to take possession of the real estate of his intestate is merely permissive; that he is not required to do so. But when he exercises that right, and actually takes possession and control, he becomes at once, with respect to creditors and heirs at law, a trustee, with all the responsibilities and liabilities incident to such a fiduciary relation.

The majority recognizes the application of this equitable doctrine to executors and administrators, but it is claimed that by reason of "special facts" the doctrine does not apply in this case. The "special facts" are not pointed out in the opinion, and, as I read it, are not to be found in the record. There is no doubt, perhaps, as to the right of defendant to foreclose his mortgage, and it may be conceded that he had the right to become a purchaser of the property at the foreclosure sale, but it cannot be successfully maintained on legal or equitable principles that the profits accruing to him by reason of such purchase were not the property of the estate he was engaged in administering. He purchased the trust property at his own foreclosure sale for less than its value, and immediately after the expiration of the period of redemption sold it at a profit of something like $450, which he has at all times since retained as his own. The money clearly belonged to the estate, and, the creditors not having insisted that it be paid to them, the heirs at law have a right to insist that defendant account to them for it. See 11 Am. & Eng. Enc. 1020, et seq., where a large number of authorities on this subject are collected. I have found no case similar to this which can be said to sustain the right of defendant to retain this money. The principles of

equity as to the duties, disabilities, and liabilities of one occupying a fiduciary relation clearly apply, and there are no special facts by which defendant can escape liability.

There was no delay or laches in bringing the action. Plaintiffs were at all times nonresidents of the state, and had no notice, until a short time prior to its commencement, of the death of their ancestor, or any of the proceedings relative to the administration of his estate. The mere lapse of time, therefore, is no bar to the right of action. Burke v. Backus, 51 Minn. 174, 53 N. W. 458. There is no suggestion that the delay has worked any injury to defendant, or in any way affected his substantial rights. The court below refused to find that defendant took possession of the land, and the refusal is assigned as error. The court was clearly wrong in this, for, as I read the evidence, it is conclusive that he did take such possession. The following question to the defendant himself when on the witness stand, put in connection with other questions in reference to the land and the death of his intestate, is all there is in the record on the subject, viz.: "Upon his death, did you take possession of that real estate, either personally or through your agents, after you had qualified as administrator?" He answered, "Well, I suppose I did." He also testified that he realized the sum of $90 from the crops raised thereon in the year 1892. There is nothing in the record to detract from this statement of the witness, and the statement in the syllabus prepared by the majority that defendant did not take possession of the land must be taken to have been inserted therein through inadvertence and oversight.

The order appealed from should have been reversed.