HOLT STATE BANK, BY A. J. VEIGEL, v. OLE HAMERNES.[1]

May 20, 1927.

No. 26,110.

**Application of purchaser at foreclosure sale for receiver to collect rents denied.**

The plaintiff purchased at a mortgage foreclosure sale for less than the mortgage debt. The property was subject to unpaid taxes which were a paramount lien. The mortgagor was entitled to possession and the rents and profits during the year of redemption unless equity required their application to prevent waste. *Held*, that the plaintiff was not entitled to the appointment of a receiver to collect and apply the rents either on the delinquent taxes or the amount of the mortgage debt remaining unpaid after the foreclosure sale.

Mortgages, 41 C. J. p. 1000 n. 85, 88.

[1]Reported in 214 N. W. 52.

Plaintiff appealed from an order of the district court for Marshall county, Grindeland, J., denying application for the appointment of a receiver. Affirmed.

*D. F. Nordstrom,* for appellant.

*Julius J. Olson* and *Rasmus Hage,* for respondent.

DIBELL, J.

The plaintiff appeals from an order denying application for the appointment of a receiver of the property of the defendant Hamernes.

On November 17, 1921, the defendant gave the plaintiff bank a mortgage for $2,500, due July 1, 1922. It was foreclosed under the power of sale and the mortgaged property was purchased by the bank at the foreclosure sale on November 13, 1926, for $2,000, a sum more than $1,000 less than was due on the mortgage. There were delinquent taxes to the amount of $575 which were a paramount lien at the time of the foreclosure sale. The amount is the same now. The property produces a rental of $25 per month.

The mortgagor is the legal owner of the land after the foreclosure sale and is entitled to the rents and profits until the expiration of the year of redemption, except as they may be taken from him and applied in prevention or reduction of waste. When the plaintiff bought at the sale for $2,000 it took into consideration the $575 taxes in fixing the amount of its bid. To permit it to apply the rents on the taxes would be the equivalent of giving it the property for less than it bid; and to apply it on the principal not paid by the sale would be giving it the equivalent of possession during the redemption period. Neither can be done. Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978. And see Peterson v. Herington, 169 Minn. 65, 210 N. W. 617.

Order affirmed.