HOWARD GREENE v. H. J. TAYLOR AND OTHERS.[1]

March 3, 1933.

No. 29,388.

*Alva R. Hunt* and *E. W. Campbell,* for appellants.
*F. E. Wright,* for respondent.

PER CURIAM.

This is an appeal from an order appointing a receiver for certain farm land in Chippewa county and directing such receiver to collect the rents and the landlord's share of the crops grown upon the premises and to reimburse therewith the plaintiff, who was a purchaser of said premises at a mortgage foreclosure sale, for the taxes

[1]Reported in 246 N. W. 921.

paid by said plaintiff and to apply the same to the expense of repairs to prevent the buildings and improvements thereon from going to waste. The order was made upon the verified complaint, affidavits, and counter affidavits.

The Bankers Joint Stock Land Bank of Milwaukee held a mortgage upon the farm in question amounting to something over $18,000. The plaintiff as receiver of that bank foreclosed the mortgage by advertisement and bid in the premises for $17,000. The sale occurred on April 4, 1932, and apparently this action was commenced May 28 of that year. The taxes for the payment of which the plaintiff seeks reimbursement out of the rents and crops were a lien upon the premises at the date of the sale, and consequently the plaintiff bought the land subject to that lien. He has no right to reimbursement for such taxes. Gardner v. W. M. Prindle & Co. 185 Minn. 147, 240 N. W. 351, and cases cited.

Some of the farm buildings on the premises are falling into disrepair, but the affidavits show that this has been going on for at least five years, and the tenant on the premises denies that he has any intention of leaving on account of the disrepair of the buildings. He is using the premises in the same manner in which they have been previously used and is conducting the farm in the ordinary course of husbandry.

We find no evidence in the affidavits to support the trial court's order, and it is reversed.