## DORA WAGNER AND ANOTHER v. BANKERS LIFE COMPANY AND ANOTHER.[1]

October 20, 1939.

No. 32,116.

[1] Reported in 288 N. W. 1.

*Farmer & Tighe,* for appellant.
*Leo J. Seifert,* for respondents.

STONE, JUSTICE.

This appeal by the Bankers Life Company (its codefendant Campbell defaulted below) presents only the question whether the trial court correctly construed a written contract.

In February, 1934, defendant was and for long had been holder of a mortgage on a Brown county farm, of which plaintiff Dora Wagner was the owner as successor in interest of the mortgagors. The Wagners, husband and wife, and defendant then entered into a written contract, styled a "grant of possession." Its recitals have to do mainly with the existence of the mortgage and the amounts and items of the indebtedness. Plaintiffs, as owners, gave to defendant the right of possession, which was promptly exercised. After taking possession, defendant foreclosed the mortgage, but not until March, 1938. At the sale, defendant bid in the property for an amount some $1,600 less than the debt. That deficiency has not been paid, and defendant has procured no judgment for it. No redemption was made.

Returning to the contract, the promissory consideration moving from defendant to plaintiffs is thus stated:

"In consideration of such grant of possession, the Company agrees that in the event its said mortgage is foreclosed, it will either bid at special execution sale held pursuant to foreclosure proceedings the entire amount of the mortgage claimed, satisfying in full any judgment that may be obtained in such action, or upon acquisition of title to said real estate by Sheriff's Deed or otherwise, it will release any deficiency judgment obtained against the Owners, under or pursuant to foreclosure of its said mortgage."

While defendant was in possession it leased the farm and collected as rent during 1938, the year allowed for redemption, a sum in excess of $500. That is the amount in controversy. Defendant claims under the so-called "grant of possession." If that contract, in application to the facts, does not confer on defendant the right

to the money, plaintiffs must prevail. (They claim as judgment creditors, under writ of execution and levy, of the owner of the equity of redemption during the year after the foreclosure sale, allowed by our law for redemption.) Defendant makes no claim of waste. Its only position is that it may keep the rent for 1938 and apply it on the supposed remainder of its debt.

Counsel inform us that the "grant of possession" was prepared on an Iowa form. That explains the phrase "special execution sale." Use of such a term, incapable of technical or precise application locally, does not relieve us of our obligation to apply the contract to Minnesota procedure so as to effect the intention of the parties. That, we feel, is well accomplished by the decision and judgment under review.

Defendant's obligation in event of foreclosure was either to bid the entire amount of the mortgage debt or to discharge any deficiency. That covenant was breached in that it did not bid the full amount of the mortgage debt and has not satisfied its claim for the deficiency.

Defendant, during the determinative period, was a mortgagee in possession, but with rights and obligations fixed by special contract. One of the duties so imposed was, in event of foreclosure by it, to discharge the whole debt. It has refused to do so—in fact, now insists that as to the deficiency in excess of its bid the debt remains enforceable. It is in the face of the obligation set out above that defendant seeks to apply as a credit the involved rents. Such a credit, if made, would, on that theory, leave an unpaid residue. If defendant is entitled to hold this rent money it has an equal right to judgment for the whole deficiency. But it simply cannot legally enforce a claim which it was under obligation to discharge on a condition subsequent (foreclosure) which has come to pass. Simply because the debt upon which defendant insists on applying these rents is nonexistent, and the money otherwise being that of plaintiffs, plaintiffs are entitled to prevail.

■ Defendant's purchase under foreclosure was subject to accrued taxes. "To permit it to apply the rents on the taxes would

be the equivalent of giving it the property for less than it bid." Holt State Bank, by Veigel, v. Hamernes, 171 Minn. 350, 351, 214 N. W. 52. See also Windom Nat. Bank v. Reno, 172 Minn. 193, 214 N. W. 886; Business Women's Holding Co. v. Farmers & M. Sav. Bank, 194 Minn. 171, 259 N. W. 812, 99 A. L. R. 576. So plaintiffs owe defendant nothing more on the tax item. To the amount of the bid, the debt was satisfied. As to the deficiency (it is immaterial that it is not in judgment) defendant was under contractual obligation to acquit plaintiffs. So the whole debt has vanished.

In the stipulations of the "grant of possession," other than those so far specially considered, we find nothing to support defendant's position. There was provision that, all delinquencies under the mortgage removed, defendant's right of possession should terminate. There was also language continuing defendant's right of possession during the period of redemption, with the privilege of having a receiver appointed to take over possession and management. All such provisions are simply so much irrelevant history because, while they were additional security for the debt, that debt has been extinguished. If defendant had elected to have a receiver appointed and, the facts of the foreclosure being as they are, the receiver were before us asking the right to apply the rents accruing during the year of redemption, as defendant now seeks to apply them, our judgment would necessarily go against the receiver under the rule of Holt State Bank, by Veigel, v. Hamernes, 171 Minn. 350, 214 N. W. 52. Neither the mortgagee nor any receiver acting for it could apply rents, otherwise belonging to the mortgagor, upon the mortgage debt, as the whole demand has been discharged. The debt which is the groundwork of defendant's position was eliminated by the foreclosure and the operation thereon of defendant's contractual undertaking that thereafter no enforceable deficiency would remain.

Judgment affirmed.

LORING, JUSTICE (dissenting).

I find myself in disagreement with my brethren.

Defendant company held a $9,000 mortgage dated January 5, 1927, on a farm in Brown county of which farm plaintiffs were the owners until September, 1936, when they agreed to convey it to defendant Campbell in exchange for other real estate. The contract for the exchange resulted in a lawsuit in which plaintiffs obtained a decree of specific performance and a money judgment against Campbell in excess of $1,200. Thus Campbell became the owner of the fee to the mortgaged premises. It is as judgment creditors that plaintiffs are seeking recovery here. Of course they can have no greater rights than Campbell would have had. On February 7, 1934, during their tenure of the fee, the plaintiffs, being in default under the mortgage, made a contract with defendant company by which they gave it possession of the farm and assigned the owners' rights to the "crops, produce, and returns" therefrom and the right to, "collect all the rents, issues and profits therefrom" beginning as of March 1, 1933, with the right to lease the premises to any person it might select and out of the rentals to pay taxes, insurance, and such repairs and improvements as it might deem expedient and to apply the remainder on the mortgage. The right to foreclose at any time was preserved. The contract provided in part:

"In consideration of such grant of possession, the Company agrees that in the event its said mortgage is foreclosed, it will *either* bid at special execution sale held pursuant to foreclosure proceedings the *entire amount of the mortgage claimed, satisfying in full any judgment* that may be obtained in such action, *or upon acquisition of title to said real estate by Sheriff's Deed or otherwise, it will release* any deficiency judgment obtained against the Owners, under or pursuant to foreclosure of its said mortgage." (Italics mine.)

The contract was evidently drawn with the Iowa practice in view and did not use language quite apt in relation to our procedure, but it is obvious that this paragraph offered the mortgagee two courses of conduct, each of which was in harmony with, and not in breach of, the contract. It might foreclose and bid in the

property for the full amount of its debt, in which case it would receive a conditional conveyance of the premises for the payment of its debt and would continue to have a lien on the premises for the amount of the purchase price. 4 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 6369. This court has said that the mortgagee who bids in the property has practically the same interest as before the sale. Fleming v. McCutcheon, 85 Minn. 152, 156, 88 N. W. 433. Of course he has the additional right to title at the expiration of the redemption period. The mortgagee did not elect this first alternative but chose to follow the other, which contemplated a sale for less than the full amount of the claim with a deficiency surviving the sale. If this deficiency was put in judgment, as it might be in this state after a sale on foreclosure by advertisement (Stearns v. Carlson, 162 Minn. 469, 203 N. W. 212), the contract required that such judgment be satisfied when title vested in the judgment creditor. Title would not vest until the expiration of the year of redemption. 4 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 6364, and cases cited. Therefore the obligation to release did not arise until the end of that period. It is contrary to the terms of the contract to say that there was a breach of contract by bidding less than the full claim. It is equally contrary to its terms to say that the deficiency is wiped out by such a bid. The second alternative specifically contemplates such a deficiency during the redemption period and specifically provides when a deficiency judgment shall be released at the end of that period if one is obtained. Other provisions support this construction. A following paragraph provides:

"The right of possession, together with the power and authority hereinabove granted to the Company, *shall continue* so long as the above described mortgage remains an enforceable lien against said real estate *and during the period of redemption* under any foreclosure proceedings, unless this agreement is sooner terminated as hereinabove provided." (Italics mine.)

Further light on the intent of the parties is provided by an alternative to continued possession during the redemption period

in the form of a right to a receivership, the receiver to manage and operate the premises, and:

"*In the event said mortgage is foreclosed,* the Owners agree that the Company, if it prefers, rather than stand on its right to hold and continue in possession of the mortgaged premises hereunder, shall be entitled to have a receiver immediately appointed to take possession of said premises, manage and operate the same, *collect the income, rents and profits thereof during the period of redemption,* and apply the same to the payment of taxes, improvements, repairs, insurance, operating expenses, and *upon the mortgage debt and upon any deficiency judgment remaining after the sale of the mortgaged premises.*"  (Italics mine.)

While the mortgagee did not take advantage of this option, the parties could hardly have intended that the right to rents would be lost by not applying for a receiver. It is manifest that the general purpose of the contract was to protect the mortgagors from any personal liability over and above what might be realized from the land and to permit the mortgagee to manage the property and realize what it could to apply on its debt. Taking the contract by its four corners, it must be conceded that such was its intent. Do its detailed provisions at any place contradict this intent or has the company by its conduct forfeited any part of its contract right? I think not. It seems clear that the right to rents until the period of redemption expired was given to the mortgagee with the right to possession. It did not lose the right to these rents by its bid for less than the full amount of its claim. It would have lost that right only by bidding in the property for the full amount because the whole debt would then have merged into the amount required to redeem. Had the rents exceeded the deficiency it would have lost its right to the excess. After the period of redemption no recovery of the remaining deficiency could be had by virtue of the very terms of the contract since the mortgagor was entitled to a release. Defendant, recognizing that no deficiency survives the redemption period, has sought no judgment. Under Holt State Bank, by Veigel, v. Hamernes, 171 Minn.

350, 214 N. W. 52, it may have lost its right to apply any of the rent on the taxes unless perhaps that right should be held to have been preserved by the contract. That does not affect the case because the rents are but $500 and the deficiency outside of taxes is over $1,600.

It strikes me that the error in the majority opinion lies in assuming that at once upon sale the mortgagor was entitled to a release of any deficiency judgment that might be entered. If that were the case there would be no use to provide for anything but a bid for the full amount. Why, then, provide for application of the rents during a receivership after foreclosure?

I think the judgment should be reversed and entered for defendant.

