LAURA S. PULSIFER v. ANNIE L. PAXTON AND OTHERS.[1]

February 13, 1942.

No. 33,065.

[1]Reported in 2 N. W. (2d) 427.

*William W. Pye,* for appellant.

*David J. Erickson* and *William D. Gunn,* for respondents.

GALLAGHER, CHIEF JUSTICE.

On stipulated facts, the trial court made findings in favor of defendants. Plaintiff appeals from the judgment dismissing her action on the merits.

Defendant Annie L. Paxton was the owner of the property involved in this suit subject to a mortgage to plaintiff for $2,500. On August 16, 1937, the mortgage being in default, plaintiff, the mortgagee, began foreclosure proceedings, and at the foreclosure sale bid in the premises for $3,529.49, the amount of the mortgage debt, costs, and expenses of sale. No redemption was made from the foreclosure sale. On December 15, 1937, Annie L. Paxton, for a valuable consideration, quitclaimed the premises to defendants Mabel E. Paxton, Alan E. Paxton, and Wayne K. Paxton. On December 21, 1937, the property having been bid in by the state at a sale pursuant to a real estate tax judgment entered March 24, 1932, in proceedings to enforce delinquent taxes for the year 1930, and the time for redemption therefrom having expired after due notice as provided by law, the premises were forfeited to the state. On February 14, 1938, the state deeded the property to Mabel E. Paxton, Alan E. Paxton, and Wayne K. Paxton for a consideration of $505.74. Later Wayne K. Paxton quitclaimed his interest in the premises to Mabel E. Paxton and Alan E. Paxton,

who have been in possession of the land since February 14, 1938, and have made valuable improvements thereon.

Plaintiff claims that she is the owner and entitled to possession of the land and asserts that the forfeiture to the state was due to the mortgagor's breach of covenant to pay taxes and that the title acquired from the state by the mortgagor's grantees was subject to her rights.

The right of defendants Alan E. Paxton and Mabel E. Paxton to acquire a tax title from the state, good as against plaintiff, must depend on the right of their grantor to do so, because the grantees stand "in no better position than the mortgagor himself." Washington L. & T. Co. v. McKenzie, 64 Minn. 273, 66 N. W. 976, 977; American Baptist Missionary Union v. Hastings, 67 Minn. 303, 69 N. W. 1078; MacEwen v. Beard, 58 Minn. 176, 59 N. W. 942. At least prior to foreclosure, a mortgagor may not acquire a valid tax title as against the mortgagee by failing to pay taxes in violation of a covenant or condition of his mortgage. Allison v. Armstrong, 28 Minn. 276, 9 N. W. 806, 41 Am. R. 281; Washington L. & T. Co. v. McKenzie, *supra*. In the present case, however, when title was forfeited to the state, the mortgage had been foreclosed and bid in by plaintiff for the full amount of the mortgage debt. Since the taxes were a paramount lien upon the land, plaintiff presumably knew of them and adjusted the amount of her bid accordingly. Holt State Bank v. Hamernes, 171 Minn. 350, 214 N. W. 52; Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Gardner v. W. M. Prindle & Co. 185 Minn. 147, 240 N. W. 351. Her purchase was, in law, subject to the tax lien. Greene v. Taylor, 188 Minn. 381, 246 N. W. 921; Business Women's Holding Co. v. Farmers & M. Sav. Bank, 194 Minn. 171, 259 N. W. 812, 99 A. L. R. 576. She could have paid the taxes after foreclosure, and, by filing the proper affidavit, could have had this amount added to the sum required to redeem from the sale. But, other than that, any claim she might have had against the mortgagor for unpaid taxes terminated with the foreclosure. Business Women's Holding Co. v. Farmers & M. Sav. Bank, *supra*. Under such cir-

cumstances, it is hard to see any reason in equity or good conscience why, after the property was forfeited absolutely to the state, the mortgagor could not purchase the state's title. A mortgagor's inability to acquire a tax title, where it exists, is founded upon the principle "that a party cannot build up a tax title upon his own neglect of duty." Allison v. Armstrong, 28 Minn. 276, 278, 9 N. W. 806, 807, 41 Am. R. 281, *supra;* 5 Tiffany, Real Property (3 ed.) § 1425, p. 339. Since in this case the mortgagor's duty ended with the foreclosure, the property really was forfeited to the state because of plaintiff's own failure to pay the delinquent taxes. Consequently, the reason for not allowing a morgagor to acquire a tax title against his mortgagee is not present in this case.

Judgment affirmed.

