NATIONAL FIRE INSURANCE COMPANY OF HARTFORD v.
BENJAMIN BROADBENT and Others.

June 29, 1899.

Nos. 11,608—(193).

**Foreclosure of Mortgage—Receiver.**

A receiver may be appointed in a real-estate foreclosure proceeding by action after foreclosure sale, and during the period for redemption, for the purpose of collecting rents and profits to protect and preserve the mortgage security, and to protect the mortgaged property from waste, but not to apply such rents and profits to the payment of any deficiency remaining after such sale. *Held*, however, that it conclusively appears that the facts in this case are insufficient to authorize the appointment of a receiver by the trial court, and it ruled correctly in denying the application for the appointment of a receiver, although it gave a wrong reason for so doing.

Appeal by plaintiff from an order of the district court for Ramsey county, Bunn, J., denying its application for appointment of a receiver. Affirmed.

*H. L. Moss, Daniel W. Doty* and *William G. White*, for appellant.
*Warner, Richardson & Lawrence*, for respondents.

BUCK, J.

This action was brought by the plaintiff to foreclose a mortgage

upon real estate, dated August 5, 1891, given by the defendant Broadbent to plaintiff. After the giving of the mortgage, the defendant Averill purchased the property of the owner, but did not in any manner become responsible for the payment of the mortgage debt. The defendant Mayhew is a tenant under Averill, and in possession of the premises. The action was commenced about May 7, 1897, to foreclose the mortgage and for the appointment of a receiver. Averill answered, and, among other things, denied plaintiff's right to have a receiver appointed. The cause was heard November 20, 1897, and judgment upon the decree entered May 20, 1898, and the premises sold July 5, 1898, for the sum of $4,250, and on the same day a deficiency judgment was entered in favor of the plaintiff and against the defendant Broadbent for a balance due on said mortgage amounting to $997.68. In the original decree there was included in it and in the judgment entered thereon delinquent taxes due for the year 1895, and $55 paid by plaintiff for insurance, and a small sum of $2.38 for assessment for sprinkling street at that time.

After the sale of the premises under the judgment, on November 30, 1898, plaintiff, upon affidavits, made an application to the court for the appointment of a receiver upon several grounds. Prior to this application the court had refused on several occasions to appoint a receiver upon the grounds that he had no authority to do so upon the facts stated. It again sought the appointment of a receiver upon the grounds that the mortgagors were insolvent; that the premises were inadequate security for the payment of plaintiff's debt; and

"That since the making and filing of the findings of fact and conclusions of law in this action on May 11, 1898, a new sidewalk has been laid in front of said property by the city of St. Paul, for which it will be assessed, and said property has been assessed for sprinkling the street in front of it in the year 1898; that since the trial of this action the defendant Helen W. Averill has not paid any of the liens for taxes and assessments and insurance upon said property, and does not intend to pay any of the same; that the taxes assessed against said property for the year 1896 amount to $50.42, and for 1897 to $46.42, upon each of which has accrued the penalties, interest, and costs provided by law, and said taxes are due, delinquent, and unpaid; that since May 1, 1898, some trifling

repairs, absolutely necessary to hold a tenant in said property, have been made, the exact amount of which is to affiant unknown, but he alleges upon information and belief that said repairs did not cost exceeding $50; that other repairs, especially painting, are needed to preserve said property from decay."

These grounds are stated in the exact language of the counsel for plaintiff. It is further stated that the defendant Averill does not intend to redeem said premises from said foreclosure sale, but that she is receiving a rental of $30 per month therefrom, and applying the same to her own personal use. Plaintiff's object in seeking the appointment of a receiver was that he might collect the rents of the premises during the year for redemption and apply them to the purposes above set forth.

As to the matter of the insolvency of the mortgagor and the inadequate security, this court, in the recent case of Marshall & Ilsley Bank v. Cady, 76 Minn. 112, said that

"The fact that the premises are inadequate security, or that the mortgagor is insolvent, or both combined, is, of itself alone, no ground for the appointment of a receiver, although it might be a very material consideration in passing upon the propriety or necessity of appointing a receiver for the purpose of preserving the premises."

Of course, under the rule also laid down in the foregoing cited case, the rents and profits could only be used for the purpose of protecting and preserving the property, and not for the purpose of paying the secured debt, or any part thereof. Now, the appointment of a receiver is an extraordinary remedy, frequently operating harshly, and the circumstances which invoke this remedy should be established with reasonable certainty. Ordinarily it is not a matter of right, and the facts upon which the application is based should be clearly stated and proven, especially in mortgage cases, where there is imminent danger of waste, removal, or destruction of the property. In other words, the appointment of a receiver

"Is to be exercised in conformity to the general principles of equity jurisprudence. The petitioner should, therefore, state clearly the facts upon which the application is made, and also give proof of the same; if this is not done the relief will be denied, and the bur-

den of proof is always on the petitioner." Beach, Rec. (2d Ed.) 524.

The grounds stated in the application for the appointment of a receiver, outside of those of insolvency and inadequacy of security, fall far short of the rules just stated. We need not consider the question of nonpayment of the insurance money, because it clearly appears that while the mortgagor covenanted in the mortgage to pay it, yet it is therein expressly provided that, if he did not do so, it might be paid by the mortgagee, and thereby become an additional lien upon the premises. This was done, and the amount therein paid by the mortgagee was included in the decree and judgment for which the premises were sold. The taxes assessed against the property for the year 1896 and 1897, and unpaid, were due and delinquent when the sale of the premises was made, July 5, 1898, and were then a lien upon the land, and the purchaser took the land subject to these incumbrances. Marshall & I. Bank v. Cady, supra. It does not appear when the new sidewalk was laid, except that it was done since May 11, 1898; nor when the sprinkling of the street was done, or the assessment made therefor,—whether before or after the sale,—nor is the cost or reasonable expense thereof stated in either case; nor is the amount of "some trifling repairs" stated, and the same may be said of the alleged and necessary expense of painting.

The insufficiency of the petition in not showing sufficient facts to justify the appointment of a receiver is too apparent to need further discussion, and the trial court was fully justified in denying the application. It is true, it did so upon the wrong grounds, viz. that after the foreclosure sale the court would have no power to appoint a receiver in the action for the foreclosure of the mortgage, as the mortgage was functus officio. We have no doubt that a mortgagee purchasing the property at a foreclosure sale, or a third party purchasing it, may, after the time of sale, and during the time for redemption, appear in the action, and apply for the appointment of a receiver to protect and preserve the mortgage security and prevent waste, and for this purpose may collect rents and profits, but for such purpose only. See Marshall & I. Bank v.

Cady, supra. The mere fact that the trial court refused to appoint a receiver for a wrong reason or upon erroneous grounds would not constitute reversible error when in fact and in law the ruling was correct.

Order affirmed.