PHILIP C. JUSTUS v. CARL H. FAGERSTROM AND OTHERS.[1]

December 27, 1918.

No. 21,243.

**Mortgage — appointment of receiver — adequacy of security.**

Where the security is adequate, the mortgagor solvent, taxes and insurance paid to date and the property well cared for, the court will not appoint a receiver of the mortgaged property on foreclosure of a second mortgage because of a few months' default of one instalment of interest and one of principal, due on the first mortgage. Failure to pay interest due on a prior mortgage is a species of waste, but it will justify the ap-

[1]Reported in 170 N. W. 201.

pointment of a receiver pending foreclosure only where it endangers the adequacy of the security.

Action in the district court for Ramsey county to foreclose a second mortgage upon certain real estate and to appoint a receiver of the mortgaged premises pending foreclosure. An order requiring defendants to show cause why a receiver pendente lite should not be appointed, Haupt, J., was discharged, and the application denied. From the order denying the application, plaintiff appealed. Affirmed.

*Harris Richardson,* for appellant.
*Charles A. Dalby,* for respondents.

HALLAM, J.

Plaintiff commenced this action to foreclose a second mortgage on real estate. He made application for the appointment of a receiver pending foreclosure. The application was denied and plaintiff appeals. The matter was heard on the complaint and on affidavits. There is some conflict in the affidavits. The court made no findings of fact but the affidavits would sustain a finding of the following facts: That the first mortgage was originally $30,000 and the second $15,000; that the amount due on both mortgages at the time foreclosure was commenced was less than $45,000; that the property is worth more than $60,000; that the mortgagor in the second mortgage is perfectly solvent; that the present owner of the property, not the mortgagor in either mortgage, has kept the property in a good state of repair and has kept it fully tenanted; that he has paid taxes to date and has kept the property well insured and paid the insurance premiums; that he had made no default, other than on plaintiff's mortgage, except that an instalment of interest on the first mortgage was about two months past due, an instalment of $1,000 of principal about eight months past due; in other words, that the security is adequate, the mortgagor solvent, taxes and insurance paid to date, and the property well cared for. The showing was not sufficient to warrant the appointment of a receiver, and the trial court properly denied the application.

Default in plaintiff's mortgage is not ground for the appointment of a receiver. Such action is justified only when necessary for the pre-

vention of waste and the protection and preservation of the mortgage security. Haugen v. Netland, 51 Minn. 552, 53 N. W. 873; Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978. Failure to pay interest accrued on a prior mortgage is a species of waste. Donnelly v. Butts, 137 Minn. 1, 162 N. W. 674. But an act of waste does not always justify the appointment of a receiver. Only where the waste is of such a character as to endanger the adequacy of the security will a receiver be appointed. As long as the mortgage security is adequate or the mortgagor solvent, the property will not be taken from the possession of the mortgagor pending foreclosure. Jones, Mortgages, § 1532; Wiltsie, Mortgage Foreclosure, § 801; Pullan v. Cincinnati & C. Airline R. Co. 4 Biss. 35, Fed. Cas. No. 11,461; Title Ins. & Trust Co. v. California Dev. Co. 164 Cal. 58, 127 Pac. 502; Aetna Life Ins. Co. v. Broeker, 166 Ind. 576, 77 N. E. 1092; Swan v. Mitchell, 82 Iowa, 307, 47 N. W. 1042; Myers v. Estell, 48 Miss. 372, 403; Morris v. Branchaud, 52 Wis. 187, 8 N. W. 883.

Order affirmed.