# PHILIP C. JUSTUS v. CARL H. FAGERSTROM AND OTHERS. CARL H. FAGERSTROM, APPELLANT.[1]

February 20, 1920.

No. 21,691.

**Receiver pending foreclosure — evidence insufficient.**
> The facts shown are not sufficient to justify the appointment of a receiver of mortgaged property pending foreclosure.

After the former appeal reported in 141 Minn. 323, 170 N. W. 201, the case was tried before Olin B. Lewis, J., who made findings and ordered a foreclosure sale of the premises to pay plaintiff the amount due him, but denied the application for appointment of a receiver, as stated in the second paragraph of the opinion. From a subsequent order appointing Louis T. Lefebre receiver, C. H. Fagerstrom appealed. Reversed.

*Charles A. Dalby,* for appellant.
*Harris Richardson,* for respondent.

[1]Reported in 176 N. W. 645.

HALLAM, J.

This action was commenced in September, 1918, to foreclose a second mortgage. Plaintiff then made an application, based on the complaint and affidavits presented, for the appointment of a receiver of the mortgaged property. The application was denied. On appeal the ruling was affirmed. Justus v. Fagerstrom, 141 Minn. 323, 170 N. W. 201. While the trial court on that hearing made no finding of fact, there were affidavits which would sustain a finding that the property was worth $60,000 and that the encumbrances amounted to less than $45,000, that the security was adequate, the mortgagor solvent, taxes and insurance paid to date, and the property well cared for.

In June, 1919, the case was tried on the merits and after a full trial on evidence taken in open court, the court again denied plaintiff a receiver and found that "no waste committed in connection with said property of a character to entitle plaintiff to a receiver under the allegations of the complaint has been shown." In August, 1919, plaintiff again moved on the pleadings and on the findings of the court and on affidavits submitted, for the appointment of a receiver. On this application the court in general terms found that defendants "as owners in possession of said property are guilty of such waste as materially impairs the value of said property and renders it of doubtful * * * security for the debt due and owing plaintiff secured thereon," and appointed a receiver. The nature of the waste is not stated. Defendant Carl Fagerstrom appeals.

We are unable to find sufficient basis for a reversal of the former decisions. There is no showing that there has been any shrinkage in the value of the property; there is no showing that the mortgagor is not still solvent; there is a showing that taxes and assessments since accrued have been paid. True, more than a year has elapsed, and no foreclosure sale has yet been made, and there has been an accumulation of interest due on the first mortgage, but the fact that plaintiff has seen fit to permit this lapse of time without foreclosure sale does not much aid his case for a receiver. Plaintiff relies largely on his showing of failure of defendants to keep the buildings in repair. The complaint contained allegations of this character with particular reference to the porches and their cornices and floors, and the failure to paint the woodwork. These matters were before the court on both former hearings. The affidavits produced on

the last hearing specifically charge that the roof and heating plant are out of repair; that there are holes in the screens; that the windows need putty; that the brick and stone need repainting, and that the stones in the sidewalk are disjointed. On most of these matters the court made findings after the trial, and as a conclusion of law held the showing insufficient to justify the appointment of a receiver. We are of the opinion that that conclusion was correct. Plaintiff says some of the facts found were not pleaded and calls our attention to the fact that the trial court found only that no waste of a character "to entitle plaintiff to a receiver under the allegations of the complaint has been shown." We do not understand that the trial court made findings of fact upon matters not litigated or upon matters which he thought not proper to be considered in arriving at his decision.

The additional showing involved matters of minor importance. There is uncontroverted evidence that some of the omissions complained of have been supplied. The fact is this property has admittedly been kept in such a state of repair that it is constantly occupied and commanding large rents. We must not lose sight of the fact that, under our laws, a mortgagor has a year for redemption after foreclosure sale, and that during this time he is normally entitled to the rents and profits of the land, and that a receivership, pending foreclosure, will be sustained only when necessary to prevent waste and preserve the property, and then only when the waste is of such a character as to endanger the adequacy of the security. We are of the opinion that the showing is not sufficient to sustain the conclusion of the trial court.

Order reversed.

DIBELL, J. (concurring).

I concur in the reversal. Unless it is waste to permit interest or principal to remain unpaid upon a prior mortgage or the one under foreclosure, the waste claimed is negligible. Such nonpayment of interest or principal should not be held waste. Rents are no part of the security pledged. They cannot be taken to apply on a mortgage debt. They can be taken, through a receiver, only upon the equitable ground that their use is necessary to prevent waste and to preserve the security. The principle is well stated by Justice Mitchell in Marshall & Ilsley Bank v.

Cady, 76 Minn. 112, 78 N. W. 978. A departure from it gives the mortgagee an advantage to which he is not entitled under our theory of a mortgage, and any other principle is at war with the statute, G. S. 1913, § 8077, which assures to the mortgagee the right of possession and use of the mortgaged property until the year of redemption passes.

QUINN, J. (dissenting).

I dissent. Carl H. Fagerstrom, the present owner of the premises, acquired the property in May, 1918, without becoming personally liable for the payment of the encumbrance thereon, which consisted of a first mortgage of $29,500, with interest at five per cent, and a second mortgage for $13,500, with interest at six per cent. The amount of these mortgages, at the time of the appointment of a receiver, was more than $47,000. From the time he acquired the property the owner had collected the rents, which amounted to more than $7,000 per year, and applied no part thereof in payment of the past due interest on either mortgage, but allowed the same to accumulate. In its order appointing a receiver the trial court found that "the defendants Fagerstrom, as owners in possession of said property, are guilty of such waste as materially impairs the value of said property and renders it of doubtful sufficiency as security for the debt due and owing plaintiff secured thereon." True it is stated in an affidavit filed upon a former hearing, that the property was worth $60,000, but if the findings of the trial court are to be considered, the property, because of the waste of the owners, is depreciating in value and the encumbrance increasing. With this condition we find the owner of the property enjoying the rents and profits without making any payments either upon principal or interest. I am firmly of the opinion that the propriety of the appointment of a receiver was well within the discretion of the trial court and that there was no abuse of such discretion.