# HANNAH PETERSON v. O. R. HERINGTON AND ANOTHER.[1]

October 29, 1926.

No. 25,595.

**Mortgage assumption clause construed.**
1. A mortgage assumption clause in a deed construed as imposing absolute liability and not a contract of indemnity.

**Agreement to pay taxes.**
2. Such an agreement to pay a mortgage, containing a personal covenant to pay taxes, construed as an agreement to pay such taxes.

**When grantee becomes principal debtor and grantor his surety.**
3. Where a grantee in a deed assumed an existing mortgage he becomes, as between him and the grantor, the principal debtor and the grantor becomes the surety.

**Bank holds mortgage assigned to it as collateral in trust for mortgagee.**
4. The mortgagee is the owner of a mortgage assigned as collateral security to a bank which holds the title in trust.

**Effect of second mortgagee waiving his rights acquired under assumption of first mortgage by grantee of his deed.**
5. Where a mortgagee in a second mortgage given as part of the purchase price forecloses the same and buys the mortgaged premises at foreclosure sale he is presumed to have fixed his bid in reference to all paramount liens for which, as between the parties, the land stands as a primary fund; he thereby waives his absolute rights against the grantee, acquired under an absolute assumption of a first mortgage as contained in the deed of conveyance and in effect reduces the agreement to a mere covenant of indemnity.

Mortgages, 41 C. J. p. 736 n. 71; p. 737 n. 77; p. 745 n. 7; p. 746 n. 19; p. 749 n. 63 New; 27 Cyc. p. 1724 n. 63.
Pledges, 31 Cyc. p. 808 n. 43.

---

See note in 21 A. L. R. 439 et seq; 19 R. C. L. 374; 4 R. C. L. Supp. 1271; 6 R. C. L. Supp. 1116.

[1] Reported in 210 N. W. 617.

Defendants appealed from an order of the district court for Jackson county, Haycraft, J., denying their motion for a new trial after findings for plaintiff in an action to recover on an assumption clause in a deed. Reversed.

*E. H. Nicholas*, for appellants.

*O. J. Finstad*, for respondent.

WILSON, C. J.

Action to recover on a mortgage assumption clause in a deed from plaintiff to the defendants. There were findings for the plaintiff. The defendants appealed from an order denying their motion for a new trial.

In 1920 plaintiff sold a 100-acre farm to defendants for $22,500. They paid $7,000 cash, gave a second mortgage for $9,500 and assumed and agreed to pay an existing first mortgage of $6,000 with interest. Plaintiff assigned the second mortgage to a bank as collateral security to her indebtedness of about $3,732.21. The bank foreclosed the mortgage by advertisement. Sale was made on April 5, 1924. No redemption was made. On March 18, 1924, plaintiff and the bank agreed in writing that the bank should bid $7,000 at the sale, which it later did and received the usual certificate of sale in its name, and should not account for any surplus over its indebtedness unless a redemption was actually made. The agreement also says that if plaintiff did not pay the bank within one year after the year for redemption expired the land should belong to the bank. At the time of trial plaintiff's right to redeem from the bank had not expired. This action is to recover, because of the assumption clause in the deed, taxes paid in March and September, 1924, as well as interest paid on the first mortgage in June, 1924.

1. The assumption clause imposed absolute liability. Merriam v. Pine City Lbr. Co. 23 Minn. 314, 322; Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882; Pinch v. McCulloch, 72 Minn. 71, 74 N. W. 897; White v. Schader, 185 Cal. 606, 198 Pac. 19, 21 A. L. R. 499 and note; Locke v. Homer, 131 Mass. 93, 41 Am. Rep. 199; Rice v. Sanders, 152 Mass. 108, 24 N. E. 1079, 8 L. R. A. 315, 23 Am. St. 804. It was not merely a contract of indemnity.

2. The first mortgage contains a personal covenant on the part of the mortgagor to pay taxes. We construe the agreement to pay the mortgage as the equivalent of imposing the same liability on the part of the defendants as if they had given the mortgage. 5 L. R. A. 280, note; 19 R. C. L. 382, § 153. This would embrace the obligation to pay taxes. 27 Cyc. 1356; Johnson v. Harder, 45 Iowa, 677; White v. Schader, 185 Cal. 606, 198 Pac. 19, 21 A. L. R. 499.

3. When defendants assumed the payment of the first mortgage, they became, as between them and the plaintiff, the principal debtors and plaintiff the surety. Pinch v. McCulloch, 72 Minn. 71, 74 N. W. 897.

4. It conclusively appears that the mortgage was assigned to the bank as collateral security to plaintiff's indebtedness. She was the owner. The bank held the title in trust for her. Its interest was contingent. McCrea v. First Nat. Bank of Austin, 162 Minn. 455, 203 N. W. 220.

5. The facts do not bring this case within the rule of Sanderson v. Turner, 73 Okla. 105, 174 Pac. 763, 2 A. L. R. 347. As between the plaintiff and defendants, the latter became the principals and the former the surety. Comstock v. Drohan, 71 N. Y. 9. As between these parties the land was the primary fund for the payment of the first mortgage. 27 Cyc. 1352 (b). This is so even though the grantee has assumed the mortgage. Matter of Wilbur v. Warren, 104 N. Y. 192, 10 N. E. 263. Plaintiff does not claim to have made any payment of taxes or interest by virtue of G. S. 1923, § 2209 or § 9648. She stands exclusively on her contract as evidenced by the assumption clause. Down to the time of the second mortgage foreclosure sale she held a valid and subsisting contract with defendants. The liability was absolute. Plaintiff foreclosed her mortgage (in the name of the bank) and bought the property for $7,000, subject to all paramount liens with reference to which she is presumed to have fixed the amount of her bid. The second mortgage was necessarily subject to the first. At the sale plaintiff must have regulated her bid with a view to the prior liens and only gave what the land was worth over and above such liens. Knowing of such liens she of course would not give the full value of the farm.

She, as a purchaser, had the benefit of a reduction in price to the extent of such liens. The amount of her bid, in law, meant that she would take the land subject to such liens. That is, she would pay $7,000 and the first mortgage, interest and taxes. Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Nat. Fire Ins. Co. v. Broadbent, 77 Minn. 175, 79 N. W. 676; Dodds v. Snyder, 44 Ill. 53; Gregory v. Suburban Realty Co. 292 Ill. 568, 127 N. E. 119; Matter of Wilbur v. Warren, 104 N. Y. 192, 10 N. E. 263. This implication in law did not amount to a personal covenant to pay the paramount liens but that the land should stand for the extinguishment of all obligations for which it was the primary fund. We are of the opinion that when plaintiff purchased the land she waived her right to enforce the absolute liability of defendants under the assumption clause to the extent that the primary fund must first be used in extinguishment of the mortgage and its incidents. She should not be held to have waived her rights under the contract other than that the primary fund must first be exhausted. Such waiver in effect reduced defendants' absolute liability to a mere covenant of indemnity—or from a primary obligation to an auxiliary one. We hold that the legal effect of her purchase was to terminate defendants' absolute liability.

Reversed with directions to enter judgment for defendants.

HOLT, J. (dissenting.)

I do not think the legal effect of plaintiff's purchase at the foreclosure terminated defendants' absolute liability on the assumption covenant to pay the prior mortgage and note executed by plaintiff. Plaintiff was still liable to the holder thereof, and could look to defendants to protect her, but as to taxes there was no personal liability, and it is right to hold that the foreclosure bid by her or for her terminated defendants' responsibility to plaintiff for taxes not included in the bid.