# WINDOM NATIONAL BANK v. ALBERT RENO AND OTHERS. C. W. GADD, INTERVENER.[1]

July 15, 1927.

No. 26,068.

**When appointment of receiver in mortgage foreclosure cannot be questioned.**

[1] Where a receiver in a mortgage foreclosure action has been appointed by an order ex parte, but the owner thereafter moves the court to vacate the order of appointment and fails to appeal from the order denying his motion, the propriety or validity of the appointment cannot be questioned in subsequent proceedings.

**How directions in order of appointment of receiver must be construed.**

[2] The directions in the order appointing him must be construed in harmony with the law pertaining to mortgage foreclosures. So construed, he was not authorized to pay taxes or interest on prior encumbrances falling due subsequent to the sale, for the purchaser at the sale bought subject to such taxes and interest.

**When income during year of redemption could not be applied to payment of taxes or interest.**

[3] Neither the mortgagor nor his grantee had covenanted to pay taxes or interest on prior encumbrances, and no income derived from the property during the year of redemption could be applied to the payment of taxes or interest on prior liens.

**Receiver may prevent waste, when.**

[4] Nonpayment of taxes and interest on prior mortgages when considered with insolvency of the owner and his omission to pay such charges out of the income of the property constitutes waste, to prevent which a receiver may rightfully apply the rents and profits received prior to the foreclosure sale.

Mortgages, 27 Cyc. ·p. 1630 n. 50 New; p. 1631 n. 62; p. 1633 n. 77 New; p. 1732 n. 14 New.
Receivers, 34 Cyc. p. 250 n. 51.

See note in 26 A. L. R. 33; 36 A. L. R. 609; 19 R. C. L. 560; 3 R. C. L. Supp. 956; 5 R. C. L. Supp. 1038; 6 R. C. L. Supp. 1128.

[1]Reported in 214 N. W. 886.

Defendant D. E. Kulp and the intervener appealed from an order of the district court for Jackson county, Haycraft, J., approving the final account of the receiver appointed in an action to foreclose a mortgage. Reversed with directions.

*Karl L. Rudow* and *E. H. Nicholas,* for appellants.

*O. J. Finstad,* for respondent.

HOLT, J.

The appeal is from an order approving the final account of a receiver appointed in an action to foreclose a mortgage. The facts having a bearing upon the matters presented by the appeal are these:

There was a $15,000 first mortgage upon a 240-acre farm in Jackson county, Minnesota, when in January, 1922, the owner, Albert Reno, gave a second mortgage to plaintiff to secure the payment of $5,564. Thereafter Reno conveyed the farm to D. E. Kulp of Iowa, subject to mortgages of record. There was no covenant to pay taxes or interest on the first mortgage in the second mortgage. The deed to Kulp was not recorded, when on February 16, 1925, plaintiff, because of default in the condition of its mortgage, brought this action to foreclose, and filed notice of lis pendens. A receiver for the rents and profits was appointed upon an ex parte application. Kulp thereafter appeared and moved to vacate the order appointing the receiver. The motion was denied. He answered. One Gadd, who claimed to have an assignment from Kulp of the landlord's share in the crops and rent for 1925, filed a complaint in intervention. At the trial of the action both Kulp and Gadd appeared and consented to a decree foreclosing the mortgage; but it was agreed that the disposition of the rents and profits collected by the receiver should be determined later. Pursuant to the decree the mortgaged premises were sold on November 28, 1925, to plaintiff, its bid being for the full amount of its debt, including the costs of the foreclosure. The sale was confirmed December 7, 1925. Thereafter and in October, 1926, the disposition of the rents and profits collected by the receiver came on for hearing and was

not concluded until in December after the year of redemption from the sale had expired. The receiver had charge of the farm during two cropping seasons—the one of 1925, prior to the sale; and the one of 1926, while the period of redemption was running. The court approved of the disposition made by the receiver of the proceeds of the 1925 rent and crops not only as to interest which fell due and was paid by him upon the first mortgage prior to the sale, but also upon interest and taxes accruing thereafter. For instance, in January, 1926, the receiver paid over $1,000 in such interest and taxes, and filed an affidavit of such payment so as to tack the same to the amount required to be paid on redemption in case someone should desire to redeem. The court also ordered that the receiver might retain some $200 out of the proceeds of the 1926 crop and rent to reimburse himself for what the income for the previous year did not cover.

[1] Appellants attack the jurisdiction of the court to appoint a receiver on the ground of certain irregularities—the order being dated on February 16, one day before the lis pendens was filed, and the summons and complaint with the order not being filed until some days later. It is apparent that some confusion of dates occurred because of the fact that the judge and plaintiff's attorney did not reside in the same county, and the action was brought in still another, and the attorney and court sent the documents by mail. But the irregularities cannot avail appellant Kulp, for he appeared generally and moved to vacate the order appointing the receiver. The motion was heard on the merits and denied. There was no appeal. He is concluded, and may not now question the regularity or propriety of the appointment. The record does not disclose any proof of Gadd's claim to the rents and profits of the farm, and he intervened after Kulp's motion to vacate the appointment had been submitted. Here both appellants came in and submitted to the jurisdiction of the court, and one made a direct but unsuccessful attack on the order appointing the receiver. He had his remedy but did not use it, and waited until the receiver had acted nearly two years, when on the presentation of his final ac-

count the capacity in which he has served is questioned. We do not think Greenfield v. Hill City L. L. & L. Co. 141 Minn. 393, 170 N. W. 343, cited by appellants, support their right to attack the appointment, but the reverse.

[2] The order appointing the receiver directed that out of the money received from the rents and profits of the farm he "shall pay all taxes on said premises now due or which shall fall due during his receivership, and also any interest due on prior mortgages." Ordinarily a receiver will be protected who follows the order of the court. Pulver v. Commercial Sec. Co. 135 Minn. 286, 160 N. W. 781. But this order should be read and construed in the light of the law pertaining to the foreclosure of mortgages and the remedies in aid thereof, namely, that when the sale has been made his duties in respect to payment of the taxes or interest on prior liens to which the sale was made subject are terminated. Therefore the taxes referred to in the order as well as interest must be held to mean such only as might fall due prior to the sale. As above stated, the court approved of the payment of taxes and interest on the first mortgage falling due after the sale. This was clearly wrong. Marshall & Ilsley Bank v. Cady, 75 Minn. 241, 77 N. W. 831; National Fire Ins. Co. v. Broadbent, 77 Minn. 175, 79 N. W. 676; Peterson v. Herington, 169 Minn. 65, 210 N. W. 617; Holt State Bank v. Hamernes, 171 Minn. 350, 214 N. W. 52. A receiver in possession of property after a foreclosure sale may be justified in paying for insurance or for what might be necessary to its preservation, but he is not justified in paying what the purchaser at the sale assumed.

[3] It was also wrong to permit the receiver to reimburse himself from the rents and profits of the farm accruing during the year of redemption. These belonged to Kulp. Neither the mortgagor, Reno, nor Kulp had covenanted to pay taxes or interest on prior mortgages; therefore the rents and profits during the year of redemption were Kulp's. Plaintiff, the respondent, had absolutely no interest as a creditor in the rents and profits, for its debt was paid in full by the sale; nor as purchaser, for it bought subject to

the right of redemption and subject to subsequent accruing taxes and interest on prior encumbrances.

[4] Appellants make a further contention which is deemed erroneous, namely, that nonpayment of taxes and interest on prior mortgages should not be considered as waste at common law so as to justify either the appointment of a receiver or the application of the rents and profits to the repair or prevention of such waste. It is true that nonpayment of taxes and interest on prior encumbrances alone do not justify the appointment of a receiver at the instance of a second mortgagee. Still, such omissions have been considered in this state in the nature of waste when taken in connection with insolvency of the owner of the premises and his refusal to devote the rents and profits to payment of such taxes and interest, and rightly so, for to the second mortgagee the nonpayment thereof is apt to result in more serious consequences than a mere physical deterioration or damage to the premises. Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; Marshall & Ilsley Bank v. Cady, 75 Minn. 241, 77 N. W. 831; Id. 76 Minn. 112, 78 N. W. 978; Donnelly v. Butts, 137 Minn. 1, 162 N. W. 674; Justus v. Fagerstrom, 141 Minn. 323, 170 N. W. 201; Id. 145 Minn. 189, 176 N. W. 645; Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29; Larson v. Orfield, 155 Minn. 282, 193 N. W. 453. There were no taxes paid by the receiver prior to the sale. The interest upon the first mortgage which fell due and was paid prior to the sale was properly paid by the receiver out of the rents and profits from the farm during the farming season of 1925. This of course does not apply to part payment of the principal nor to interest for money borrowed by the receiver to make the payment of the interest in the absence of an order from the court authorizing loans to be made.

There are other questions raised by the assignments of error, but the ones already considered are controlling and indicate the disposition to be made of the rents and profits collected by the receiver. Rather than attempt to modify the order appealed from we deem it advisable to reverse the same with direction to the court below to enter an order in harmony with this opinion if it can be done

upon the record as it now stands, and if not to take additional testimony.

Reversed and remanded.