## JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY v. H. J. MEESTER AND OTHERS.[1]

November 25, 1927.

No. 26,261.

**Unless waste occurs, mortgagee has no right to rents and profits during foreclosure.**

1. The mortgagee under the ordinary mortgage of Minnesota real estate has no right to the rents and profits, even after default and during foreclosure, unless there is waste. A receiver should not be appointed to collect rents and profits and apply them on delinquent taxes or interest.

**Judgment on pleadings against answering defendant was error.**

2. The answer in a foreclosure action put in issue the plaintiff's ownership of the mortgage. The answer was not attacked by a motion

[1]Reported in 216 N. W. 329.

to strike it out as sham or frivolous. It was error to order judgment on the pleadings against the answering defendant.

**Issue as to amount of mortgage debt was not varied by allegation in answer.**

3. The debt secured by a mortgage is the primary obligation and the notes securing it only an evidence of that debt. Rule applied where in procuring judgment on an interest coupon a portion of that note was voluntarily remitted in order to give the court jurisdiction. *Held* that in a subsequent foreclosure action an allegation to that effect and no more did not raise an issue as to the amount of the mortgage debt.

Mortgages, 41 C. J. p. 279 n. 19; p. 627 n. 26; p. 628 n. 27; p. 839 n. 91, 92; 42 C. J. p. 122 n. 68; p. 123 n. 87; p. 124 n. 7.
Pleading, 31 Cyc. p. 605 n. 20; p. 615 n. 17; p. 657 n. 10.

See note in 14 A. L. R. 640; 19 R. C. L. 319; 3 R. C. L. Supp. p. 930; 6 R. C. L. Supp. 1114.
See note in 24 L.R.A.(N.S.) 1095; 19 R. C. L. 436; 4 R. C. L. Supp. 1280; 6 R. C. L. Supp. 1121.

Defendant Duffus appealed from an order of the district court for Pipestone county, Nelson, J. appointing a receiver in an action to foreclose a real estate mortgage and from a judgment in favor of the plaintiff and against the defendants H. J. and Hermina Meester. Reversed with directions.

*Charles Dealy*, for appellant.
*Finstad & Juhnke*, for respondent.

STONE, J.

Appeal by defendant C. D. Duffus, owner of the fee, from an order appointing a receiver and the judgment in an action to foreclose a real estate mortgage.

The mortgage was on a half section of farm land in Pipestone county. The mortgagors were defendants H. J. and Hermina Meester. Annis & Rohling Company, an Iowa corporation and the mortgagee, is alleged to have assigned mortgage and debt to plaintiff. The assignments of error challenge two orders preliminary to

the judgment for plaintiff. The first appointed a receiver of the mortgaged premises and the rents and profits thereof. The second ordered judgment upon the pleadings against defendant Duffus "the same as if no answer had been interposed."

That answer included a general denial qualified by specific admissions. The ownership of the mortgage by plaintiff was not admitted, so the allegation of the complaint in that behalf was put in issue. In that respect, the answer may have been sham, but there was no motion to strike on that ground. The answer also averred that a barn on the mortgaged premises had been burned and that insurance in the sum of $800 had been collected by plaintiff. Credit on the mortgage debt was asked accordingly. That point was immediately conceded by plaintiff, so it needs no further attention. Another partial defense was that the Annis & Rohling Company, being then the owner and holder of a matured interest coupon, sued on it in a municipal court of Iowa and that, in order to give that court jurisdiction, they "duly remitted and waived all of said note over and above the sum of one thousand dollars, and did duly proceed therein to judgment against" the mortgagors, and thereby discharged the lien of the mortgage to the extent that it was security for the coupon.

The plaintiff met this answer with a reply which was in substance a general denial, and then moved for judgment against defendant Duffus on the pleadings. That motion was granted by an order for judgment against defendant Duffus "the same as if no answer had been interposed."

1. The order appointing the receiver empowered him to collect rents and profits and out of them to pay "all taxes on said premises now due or which shall fall due during his receivership, and also any interest due on said mortgage," and also, "as necessity arises," to make necessary repairs. There was no clear showing that physical waste had been committed in violation of the terms of the mortgage. Later the findings said generally that waste had been committed. Except as it may have afforded protection against waste, the order appointing the receiver was erroneous. Under our law the rents and profits are no part of the security of a real estate

mortgage. Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29; Strimling v. McDonald, 168 Minn. 486, 210 N. W. 388; Smith v. Ambassador Holding Co. 168 Minn. 437, 210 N. W. 288. The order appointing the receiver is therefore reversed. There will be, if needed, an adjustment in conformity with this opinion by the district court of the accounts of the receiver. To the extent, if any, that the rents and profits collected by him were applied in making good waste which had been committed contrary to the terms of the mortgage, he will receive credit accordingly. But he must be charged and the defendant Duffus credited with any rents and profits collected by the receiver and applied either in payment of taxes, interest or in repairs not necessitated by waste in violation of the mortgage.

2. We have already observed that plaintiff's ownership of the mortgage was put in issue by the general denial of the answer, and that there was no motion to strike the answer as sham or frivolous or both. In that situation it was error to order judgment against the answering defendant on the pleadings. It is no answer to say that he made no showing, by affidavit or other matter outside the pleadings, in opposition to the motion. In that connection we cannot believe that the learned trial judge considered the affidavits filed, as counsel seem to think, in support of the motion for judgment on the pleadings. They must have been considered only in support of the motion for a receiver. A showing of extraneous matter in support of a motion for judgment on the pleadings is unheard of. We see no escape from the conclusion that, in view of the denial of plaintiff's ownership of the mortgage, an issue was raised by the answer which could not be disposed of summarily by judgment on the pleadings.

3. The allegation concerning the matured interest coupon, to the effect that Annis & Rohling Company, as a condition to getting judgment thereon in a municipal court of Iowa, remitted a portion "of said note," did not raise any issue, even as to the amount of the debt secured by the mortgage. Whether the judgment was procured by default or after issue joined does not appear. The mort-

gage included a covenant to pay the debt, principal and interest. The debt is the primary obligation and the note only the primary evidence of the debt. They are so far independent, one of the other, that the mortgagee may sue upon the note and get judgment wherever he can find the debtor. So long as that judgment remains unpaid he may proceed, independently of both the note which has become merged in the judgment and the judgment itself, and foreclose his mortgage. 19 R. C. L. 436. The merger and extinguishment of the note by a judgment thereon have no effect on the debt nor the lien securing it. Rossiter v. Merriman, 80 Kan. 739, 104 P. 858; annotated, 24 L.R.A.(N.S.) 1095. The unpaid judgment is no defense unless it has settled by adjudication some issue affecting the right of foreclosure, such as the amount of the mortgage debt. In this case the allegation of the answer is not that the debt was reduced, but only that a relatively small portion of an interest coupon was remitted in order to get judgment on that instrument. That fixed the amount of the debt evidenced by the judgment. Doubtless also the judgment merged into itself the coupon. But it had nothing to say to the amount of the debt, which existed independently of the coupon and of which the latter was only one evidence. The allegation in question, falling short of showing that the debt itself had been reduced by the Iowa judgment, did not raise an issue. So far as it was concerned, judgment on the pleadings was properly granted.

The result is that the order appointing the receiver and the order for judgment on the pleadings are reversed and a new trial granted defendant Duffus with respect only to the issue of plaintiff's ownership of the mortgage. The further proceedings will be without prejudice to the judgment of foreclosure and the proceedings had thereunder, unless defendant Duffus prevails. It is only in that event that the judgment cannot stand, even as to him.

We appreciate full well that there may be no ground in fact for our interference with either of the orders reversed. The argument, both written and oral, leaves us with the impression that the case for appellant may be wholly lacking in merit. But we must take facts as the record presents them and not as counsel say or we

suspect them to be.  We cannot disapprove too strongly of the attempt, which seems to have been made here, to use a motion for judgment on the pleadings in lieu of one to strike out an answer as sham and frivolous.  To do otherwise than reverse to the extent and for the reasons stated would be a condonation of loose practice which would lead to much more trouble for other litigants than can befall the parties from a disposition of this case upon what may seem its technicalities rather than its merits.

Reversed and remanded with directions for further proceedings not inconsistent with this opinion.