## MINNESOTA BUILDING & LOAN ASSOCIATION v. M. S. MURPHY AND OTHERS.[1]

December 14, 1928.

No. 27,017.

[1]Reported in 222 N. W. 516.

*Walter U. Hauser,* for appellants.
*Daggett & Redlund* and *John B. Burke,* for respondent.

HOLT, J.

Defendants Murphy appeal from the order appointing a receiver to take possession and collect rents from the premises upon which a mortgage was being foreclosed by action. There was a trial and findings made and filed directing a decree of foreclosure and sale. Three days thereafter the order appealed from was made and filed.

Desmond P. O'Callaghan and Abbie B., his wife, owned the premises under a Torrens title, when in February, 1925, they negotiated a loan of $3,100 from plaintiff to be secured by said property. Instead of executing a mortgage thereon, the O'Callaghans gave a deed to plaintiff, which was duly filed with the registrar, and it in turn gave O'Callaghans a contract for deed upon monthly payments. In the fall of 1926, payments being in arrears, plaintiff gave the statutory short notice to terminate the contract. In the meantime the O'Callaghans had quitclaimed to the Hart Lumber Company, and the latter to the defendant M. S. Murphy. Neither deed was filed with the registrar. Murphy is in possession by tenants. It appears that before plaintiff had time to perfect the statutory foreclosure of the contract Murphy brought an action to enjoin it from so doing, on the ground that the transaction was a mortgage and plaintiff's interest in the premises was that of mortgagee. This plaintiff, as defendant therein, answered. Each party moved for judgment on the pleadings. The motion of this plaintiff was denied, and that of Murphy was granted. Judgment thereon has been entered. Evidently plaintiff acquiesced in the adjudication that its interest in the premises was that of mortgagee, for this action was thereupon brought to foreclose the deed and contract for deed as being in fact a mortgage. Murphy and his wife were made parties,

it being alleged that the premises had been conveyed to him through mesne conveyances from O'Callaghans and that Murphy was in possession by tenants.

There were no affidavits supporting or opposing the appointment of a receiver. A receiver was asked for in the complaint. In the order appointing the receiver the court made special findings based solely upon the oral testimony received in the trial of the foreclosure action. The order also by reference incorporated therein the findings directing the entry of the foreclosure decree. The facts so found, and of some material bearing on the question whether the trial court was justified in appointing a receiver pending the redemption period, may be thus stated:

That the deed from O'Callaghans to the Hart Lumber Company was in consideration of the forgiveness of a past due debt owing the grantee from the grantors; that the Hart Lumber Company deeded to Murphy; and that the grantee in each deed had full knowledge of the contract for deed to the O'Callaghans given by plaintiff, in whose name the title to the premises was registered. It was also found that Murphy accepted his deed on the speculation that the court would declare the transaction between plaintiff and O'Callaghans a mortgage, so that in case of foreclosure he might get the rents during the period of redemption, and further:

That "said Murphy did receive the rents of said property prior to the date hereof ample money to have paid the taxes on said premises * * * for the years 1925 and 1926, and the taxes and penalties against said premises on the date hereof" amount to $263.29 and the first half unpaid for 1927 to $97.77; "that the debt due and owing to the plaintiff under its mortgage, together with the back taxes and current taxes and costs of foreclosure proceedings, amount to the approximate sale value of the premises and the plaintiff has no margin of security for its debt. * * * The court further finds that * * * defendant M. S. Murphy is a pure intermeddler speculating on possible profits in said transactions, although he may have the legal and technical right to redeem from the sale of said premises under foreclosure of the plaintiff's mort-

gage. The court finds that the interests of said Murphy are wholly subservient and inferior to the mortgage of the plaintiff and the court further finds that the failure of the defendants and each of them to properly pay taxes and keep said premises rented at a fair rental value does under the circumstances of this case constitute waste and does materially impair and lessen the value of the plaintiff's security," etc.

The statute assures to a mortgagor the right of possession and use of the mortgaged premises during the year of redemption. He may transfer this right by deed as a gift so far as the mortgagee is concerned. In this case it is undisputed that Murphy paid over $400 for the deed, and the findings conclusively show a valid consideration from the Hart Lumber Company to the O'Callaghans. A filing of these deeds with the registrar of titles will clearly vest in Murphy all of the mortgagor's right and title to possession and use of the premises during the period of redemption. That these instruments have not as yet been filed should not affect the question of a receiver. Plaintiff alleged the existence of the deeds and Murphy's possession in virtue thereof and made him party to the foreclosure. We do not consider that upon the issues raised by this appeal the decision in Abrahamson v. Sundman, 174 Minn. 22, 218 N. W. 246, now has any bearing. The judgment in the case of Murphy against plaintiff, above referred to, must be taken as determinative of the question that Murphy derived some interest or rights under his deed which could not be terminated by a statutory foreclosure of the contract.

It clearly appears that the only justification for a receiver is nonpayment of taxes. There is no evidence of any physical deterioration through vacancy or otherwise, for during the year and a half since Murphy acquired the deed a tenant of his has occupied the premises except during two months. It is also undisputed that Murphy spent over $100 in repairs. These matters perhaps are not material. It has been held that nonpayment of taxes is a species of waste, but although so denominated this sort of waste alone does not justify the appointment of a receiver of the property during

the running of the year of redemption. Smith v. Ambassador Holding Co. 168 Minn. 437, 210 N. W. 288; Windom Nat. Bank v. Reno, 172 Minn. 193, 214 N. W. 886; John Hancock Mut. Life Ins. Co. v. Meester, 173 Minn. 18, 216 N. W. 329.

But there are other essential elements which must be present to justify the appointment of a receiver of property foreclosed during the year of redemption. In Justus v. Fagerstrom, 145 Minn. 189, 191, 176 N. W. 645, it was said:

"We must not lose sight of the fact that, under our laws, a mortgagor has a year for redemption after foreclosure sale, and that during this time he is normally entitled to the rents and profits of the land, and that a receivership, pending foreclosure, will be sustained only when necessary to prevent waste and preserve the property, and then only when the waste is of such a character as to endanger the adequacy of the security."

The amount of the debt for which the foreclosure sale was ordered was $3,520.55. There is no evidence at all concerning the present value of the security. The only thing appearing is that plaintiff when the loan was made appraised the property at $5,000. The conclusion of the court above quoted, that "the plaintiff has no margin of security for its debt," is not justified by any evidence. Again, another essential prerequisite for a receivership in a foreclosure of a mortgage is the insolvency of the debtor. The purport of all our decisions upon the subject is that unless exceptional circumstances appear the one requesting the appointment of a receiver has the burden of proving by clear and convincing evidence the insolvency of the debtor, the inadequacy of the security, and waste. Seldom will the presence of only one or two of the three conditions stated justify a receiver during the year of redemption. Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29. There is no allegation in the complaint either in respect to the inadequacy of the security or the insolvency of the O'Callaghans, and no proof as to either, except plaintiff's appraisal above noted. There are no exceptional circumstances connected with the only item of waste found, namely,

the nonpayment of the taxes. The amount thereof is not large. If it were a case where the delinquent taxes might ripen into a title before the sale or before the year of redemption expired, a different question as to the consequence of this waste might be presented. But as it appears from this record we must hold the appointment of the receiver unwarranted.

The order is reversed.