JAMES GRADY v. FIRST STATE SECURITY COMPANY
AND OTHERS.[1]

March 21, 1930.

No. 27,806.

*F. H. Peterson* and *Henry C. Stiening,* for appellant.
*Garfield H. Rustad* and *C. G. Dosland,* for respondent.

[1]Reported in 229 N. W. 874.

TAYLOR, C.

The defendant was the owner of a business and apartment building in the city of Moorhead which was subject to a first mortgage of $70,000 and a second mortgage of $52,530.61. The holders of the second mortgage foreclosed it by action, and at the sale held September 5, 1928, bid in the property for the sum of $40,227.50. They obtained a deficiency judgment in the sum of $21,006.16 for the balance due. In June, 1929, they made an application to the court for the appointment of a receiver to take charge of the property and collect the rentals therefrom. They alleged as the ground therefor that defendant had failed to pay taxes on the property which became due in 1928 and had also failed to pay an instalment of interest which had become due on the first mortgage; that defendant owned no other property and was insolvent; that it was collecting over $1,000 per month in rentals; and that its officers were wrongfully diverting its funds to themselves in the form of excessive salaries. On August 29, 1929, the court made an order granting the application and appointing a receiver. This was only one week before the period for redemption expired, but by a restraining order the rentals for the month of July and August had been held to abide the result of the application. Defendant appealed from the order appointing the receiver.

Under our laws a mortgagee has a mere lien on the property as security for the debt. The mortgagor is entitled to the possession of the property and to the rents and profits therefrom until the mortgage has been foreclosed and the period for redemption has expired. The mortgage gives the mortgagee no lien on rents or profits and no right to have them applied on the mortgage debt. G. S. 1923 (2 Mason, 1927) § 9572; Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Justus v. Fagerstrom, 145 Minn. 189, 176 N. W. 645; Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29; Pioneer S. & L. Co. v. Farnham, 50 Minn. 315, 52 N. W. 897; John Hancock M. L. Ins. Co. v. Meester, 173 Minn. 18, 216 N. W. 329; Fidelity-Philadelphia Tr. Co. v. West, 178 Minn. 150, 226 N. W. 406.

Under some circumstances however the mortgagee has the right to require the mortgagor to apply rents and profits in protecting the property from waste, and failure to pay taxes or instalments of interest on prior mortgages as they become due is deemed waste as to subsequent mortgagees. But any rights which the holder of a second mortgage may have to require the mortgagor to apply rents and profits in payment of such taxes and interest terminate when the second mortgage is foreclosed and the property sold thereunder. The purchasers at the sale purchase the property subject to all prior liens thereon and acquire no right to have rents and profits which accrue prior to the expiration of the period of redemption applied on such liens. Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; National F. Ins. Co. v. Broadbent, 77 Minn. 175, 79 N. W. 676; Peterson v. Herington, 169 Minn. 65, 210 N. W. 617; Holt State Bank v. Hamernes, 171 Minn. 350, 214 N. W. 52.

The purchasers now concede that they are not entitled to have the rentals applied upon instalments of either taxes or interest which become due before the sale, but point out that an instalment of taxes and also an instalment of interest has become due since the sale and urge that the rentals should be applied on those items. This contention like the prior one has already been decided adversely to them. When they purchased the property at the sale they took it not only subject to the taxes and interest then past due but subject to the instalments thereof which would become due thereafter. Windom Nat. Bank v. Reno, 172 Minn. 193, 214 N. W. 886. See also Minnesota B. & L. Assn. v. Murphy, 176 Minn. 71, 222 N. W. 516.

As the mortgage gave the mortgagees no lien on the rents and profits, they have no special or preference right thereto growing out of the mortgage and are not entitled to have them applied on the deficiency judgment in this proceeding. Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978. The holders of the deficiency judgment stand in no better position than other judgment creditors; but the same remedies are open to them that are open to other creditors.

The record failing to show any ground which would justify the appointment of a receiver, the order must be and is reversed.