# LAURA FREDIN v. CASCADE REALTY COMPANY AND OTHERS.[1]

May 5, 1939.

No. 31,978.

[1]Reported in 285 N. W. 615.

*Middaugh & Smythe,* for appellant.
*Lewis, Grannis & Underhill,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff was the owner by assignment of a note secured by a real estate mortgage. The debt having matured, she proceeded to its enforcement by suit to foreclose. Defendants were duly served with process, but none of them appeared by answer or otherwise. She was granted a decree with the usual directions to the sheriff to proceed with sale of the mortgaged premises to satisfy the amount of recovery. The sheriff caused proper notice of sale to be issued and served. Plaintiff purchased the mortgaged property at the sheriff's public sale thereof for the full amount of her mortgage debt, interest, attorney's fees, and all her costs and disbursements.

At the time of entry of decree, pursuant to and within the limits of her complaint, a receiver was appointed—

"to collect the rents and income of said [mortgaged] property during the period of redemption, and to apply the same for making necessary repairs of the residence on said premises, payment of

accrued taxes and interest on said mortgage indebtedness, or otherwise, as directed by the court from time to time, and make report to the court of his doings in the premises; * * *."

He was required to give bond in the amount of $500, and did so. Judgment pursuant to the findings and decree was entered June 18, 1938. The notice of sale bears date June 28, and the sale pursuant thereto took place August 10, 1938. On that date the sheriff made due report thereof to the court. On August 12 the court made its order of confirmation. On August 13, appellant, Cascade Realty Company, moved the court for an order requiring the receiver to "forthwith file his account and report" as receiver; that he be required to surrender to the realty company the money and property in his possession as such; that he be discharged as such receiver, and that plaintiff as well as the receiver be prevented from interfering with the company "in its rights to enjoy the use and occupation of the premises" during the statutory period of redemption. The motion was based upon an affidavit made by Mr. Smythe in behalf of the company, including all the records and files in the cause. The affidavit set forth the facts hereinbefore related; also that "defendant, Cascade Realty Company, a corporation, is now and for a number of years has been the owner of and vested with the fee simple title" to the involved premises, subject to the foreclosed mortgage. The motion papers were served upon counsel for plaintiff, who on the return date appeared specially for plaintiff and the receiver and objected to the hearing upon the ground that the relief prayed for "is inconsistent with and contrary to the judgment" in the foreclosure suit, and "upon the further ground that this court has no jurisdiction to grant the relief prayed for in said motion." The matter was heard August 22, and on September 27 the court made its order denying the motion, being of opinion that:

"The period of redemption has not expired, no showing is made that any repairs have been made or are unnecessary, no showing is made that any accrued taxes and interest have been paid or have not accrued. It does not seem possible that the judgment, pre-

sumably justified by the evidence received, and actually justified by the findings of fact and conclusions of law, can be amended by such a motion as is here pending."

■ The law of this state is that a mortgagee has a mere lien upon the mortgaged property and holds the same as security only for the debt or other obligation created thereby. Nor is the mortgagee entitled to possession of his mortgagor's property or to the rents and income therefrom until the mortgage has been foreclosed and the period for redemption has expired. And the giving of a mortgage creates no lien in favor of the mortgagee as to rents or profits of the mortgaged premises, and he has no right to have them applied upon his mortgage debt. Grady v. First State Security Co. 179 Minn. 571, 572, 229 N. W. 874, and cases cited. (Compare Gardner v. W. M. Prindle & Co. 185 Minn. 147, 151, 240 N. W. 351.)

■ Under some circumstances it has been held that the mortgagee has the right to require the mortgagor to apply rents and profits to the extent of protecting the property from waste. This may include failure to pay taxes or installments of interest on prior mortgages. We are not concerned here with installments of interest on any prior mortgage as this appears to be a first mortgage. This then leaves for consideration only the question of whether the receiver, after the sale, could collect rent from the tenant in possession to apply upon accruing interest or taxes. In the cited case the purchasers at the sheriff's sale sought to sustain the appointment of a receiver upon the theory that an installment of taxes, also of interest, had become due since the sale, hence that rentals should be applied thereto. The court said, however (179 Minn. 573):

"This contention like the prior one has already been decided adversely to them. When they purchased the property at the sale they took it not only subject to the taxes and interest then past due but subject to the instalments thereof which would become due thereafter." (Citing cases.)

When the decree of foreclosure was here entered the court found and determined the exact amount of taxes then unpaid. Hence

when plaintiff made her bid in the full amount of the mortgage debt, interest, attorney's fees, and other costs of foreclosure, "the amount of her bid, in law, meant that she would take the land subject to such liens." Peterson v. Herington, 169 Minn. 65, 67, 68, 210 N. W. 617, 618; Holt State Bank v. Hamernes, 171 Minn. 350, 351, 214 N. W. 52. Here, as in the Hamernes case, "to apply the rents on the taxes would be the equivalent of giving it [plaintiff] the property for less than it bid; and to apply it on the principal not paid by the sale would be giving it the equivalent of possession during the redemption period. Neither can be done."

■ Whether proceedings to foreclose be had by action or by advertisement, the objects and ends sought are to enforce the security, *i. e.*, to have the property applied to the satisfaction of the debt or other obligation secured thereby. 4 Dunnell, Minn. Dig. (2 ed.) § 6303, and cases cited under note 60.

■ As the fee does not pass from the mortgagor to the purchaser at foreclosure sale until the expiration of the year for redemption, 2 Mason Minn. St. 1927, § 9643, it necessarily follows that plaintiff, like any other purchaser, became entitled only to the rights and subject to such conditions as are fixed by law for the redemption of the property. Prior to foreclosure she was a contract creditor. When she became a purchaser at the sheriff's sale she took a position no different, better, or worse than that of a stranger who might have so purchased the property. Lawton v. St. Paul Permanent Loan Co. 56 Minn. 353, 57 N. W. 1061; 4 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 6369.

■ The present proceeding brought by defendant in no way attacks the judgment theretofore entered. All it does is to direct the court's attention to facts subsequently occurring. It now appears that plaintiff has received full satisfaction of her debt. The need for continuance of the receivership has apparently ceased. The remaining inquiry is whether the receiver has any further right to act as such and what he has done with the property or its income since his appointment. That the court has jurisdiction of its own officer, acting as does any receiver, seems plain. The merits of the

controversy, if there be such now, have not been determined. They should be.

■ We can find nothing in the record to justify the claim now made by plaintiff that the realty company has no interest to conserve or protect. Her argument in this respect seems to be that there is no proof that the realty company is the owner of the premises. In the first place we have the affidavit of one of its attorneys stating that such is the fact. It is not denied by plaintiff by any counter affidavit or other proof. Instead, we have the allegations set forth in plaintiff's complaint that at the time of the commencement of the action a $3,500 fire insurance policy had been written "in the name of the Cascade Realty Company, with loss, if any, payable first to the plaintiff, as mortgagee, and second to the fee owner of said property; * * * That the said Cascade Realty Company claims to be the present owner of said mortgaged premises, subject to the liens of said mortgage, and, as plaintiff is informed and believes, is renting the said mortgaged premises and the residence located thereon to" the defendant Mohr. Absent, as here, any proof in opposition, the realty company has made at least a *prima facie* showing requiring that immediate steps be taken for winding up the receivership.

We of course are not called upon to determine issues of fact raised or to be raised and decided. All that we have said is intended only to help point the way to a proper solution of the problem and to define the limits within which the inquiry should be kept. But we do think the receiver should be required to make an accounting and render a report of his doings as such to the court. The interested parties will then be given full opportunity to be heard, and the court will determine whatever the conflicting claims of the respective parties may be. The order is accordingly reversed for the purpose indicated.

So ordered.

MR. JUSTICE HILTON, incapacitated by illness, took no part.